# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—APRIL TERM, 1878.

## JAMES H. HILDRETH

v.

## MONROE HEATH ET AL.

1. MANDAMUS—WILL NOT LIE TO COMPEL THE CITY COUNCIL TO ADMIT A MEMBER.—Whenever the act sought to be enforced requires the exercise of *discretion*, the remedy by mandamus will not lie. The power of the city council to judge of the election and qualification of its members, involves the exercise of *judgment* and *discretion*, and their determination in that respect cannot be revised by a mandamus.

2. DISQUALIFICATION—CONVICTION OF CRIME.—A section in the charter of the city of Chicago declares that no person shall be eligible to the office of alderman * * * * "if he shall have been convicted of malfeasance, bribery, or other corrupt practices or crimes."· *Held*, that this should be limited to convictions under the laws of the State of Illinois, and conviction in the courts of the United States, of an offense created by an act of Congress, does not constitute a disqualification under this section.

3. PARDON—REMOVAL OF DISQUALIFICATION.—*Held*, that the pardon, by the President of the United States for the offense of which plaintiff was convicted, removed and cured his disqualification and ineligibility, if any existed.

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, and CHARLES

(82)

H. Reed, for plaintiff in error; as to mandamus being an appropriate remedy, cited 1 Dillon on Mun. Cor. §§ 141, 142; *Ex parte* Heath, 3 Hill (N. Y.) 42.

Against ineligibility by reason of conviction of an offense, Conkling's Treatise, 178–183.

As to effect of pardon, *Ex parte* Garland, 4 Wall. 380; Osborn v. United States, 1 Otto, 477.

Mr. Joseph F. Bonfield, for defendants in error; that mandamus is not the proper remedy, cited High on Extraordinary Remedies, §§ 24, 325; Cooley's Con. Lim. Chap 6, 133; McCrary on Elections, §§ 328, 331; Kelly v. City, 62 Ill. 279; People ex rel. v. Metzker, 47 Cal. 524; Mayor v. Rainwater, 47 Miss. 547; Swann v. Grey, 44 Miss. 393; Davis v. The Mayor, 1 Duer. 499; People ex rel. v. Common Council, 18 Mich. 338; Duffield's Case, Brightly's Leading Cases, 646; Peabody v. School Com. 115 Mass. 383; 2 Dillon on Mun. Cor. § 669.

As to effect of pardon, Foreman v. Baldwin, 24 Ill. 306; Duncan v. Commonwealth, 4 Serg. & Rawle, 451.

Bailey, J.—This was a petition filed in the court below by James H. Hildreth, the plaintiff in error, against the mayor and aldermen of the city of Chicago, for a mandamus, to compel them to admit the petitioner as a member of the city council of said city.

The petition alleges that on the 3d day of April, 1877, an election of city officers was held in said city, and that the law required that at said election some person should be elected by the qualified voters of the 7th ward of said city to fill the office of alderman for that ward; that at said election the petitioner was a candidate for that office, and was eligible thereto, and that he received at said election the highest number of votes of the legal voters of said ward for alderman, and was thereby duly and lawfully elected to that office; that the ballots were duly canvassed and returns made, showing that petitioner had received a plurality of the votes cast; that he took and subscribed in due form of law his oath of office, and presented

himself at a regular session of said council as an alderman elect, and respectfully requested to be admitted as a member of that body, but that said council wrongfully, unlawfully, arbitrarily, and without any sufficient cause or reason, refused and declined to admit him.

The answer admits the petitioner was a candidate for said office, and received a plurality of the legal votes cast at said election, but avers that at that time, and at the time he presented himself to the city council and demanded to be recognized as a member, he was and ever since has been, ineligible to that office; that previous thereto he had been indicted and convicted in the District Court of the United States for the Northern District of Illinois, for malfeasance in office while holding the office of internal revenue guager in and for the first collection district of Illinois, and upon which conviction the petitioner was sentenced to pay a fine of $3,000 and costs, the sentence of imprisonment being suspended; that said offense was, under the circumstances, one of great turpitude, involving not only malfeasance in office and willful neglect of duty, but bribery and corruption; that said city council investigated the matter of petitioner's eligibility to said office, and all the circumstances attending the same, and adjudged and declared that, in consequence of such conviction, he was ineligible to the office of alderman, and disqualified to hold such office.

The answer sets out the following provisions of the charter of the city of Chicago, to wit:

"No person shall be eligible to the office of alderman unless he shall be a qualified elector and reside within the ward for which he is elected.    *    *    *    Nor shall he be eligible if he shall have been convicted of malfeasance, bribery or other corrupt practices or crimes."

Also, "The City Council shall judge of the election and qualification of its own members."

It is further averred, that the question of the eligibility of the petitioner to said office was referred by the City Council to its judiciary committee, in connection with the corporation counsel, who took the matter under advisement and examined the record of said conviction; that petitioner appeared before said

Hildreth v. Heath et al.

committee in person and by counsel, and presented a written argument in support of his eligibility, and that the committee, after fully examining all the circumstances, submitted a report adverse to the petitioner, and that thereupon said council, by a vote of 17 yeas and 4 nays, adopted the following preamble and resolution:

"WHEREAS, it appears from a canvass of the returns of votes cast in the 7th ward for the office of alderman, at the city election held on the 3d day of April, A. D. 1877, that James H. Hildreth received a plurality of the votes cast in said ward for alderman; and whereas, it further appears from the report of the judiciary committee of this council, that the said James H. Hildreth was, prior to said election, convicted in the District Court of the United States for the Northern District of Illinois, of malfeasance in office; therefore, be it

"*Resolved*, That said James H. Hildreth, by reason of such conviction, is, and he is hereby declared to be, ineligible to hold said office of alderman from the 7th ward of the city of Chicago, and that he is not entitled to a seat in the City Council."

To this answer petitioner filed a replication, averring that since said conviction, and prior to said election, the petitioner had been granted a full pardon for the offense of which he was convicted, which pardon had been accepted by him.

To this replication a demurrer was interposed by the defendants below, which demurrer was sustained by the court; and the petitioner, electing to abide by his replication, judgment was rendered against him, dismissing his petition and for costs. To reverse this judgment this writ of error is prosecuted.

The main question to be considered is, whether a mandamus will lie to compel the city council to admit the petitioner as a member of that body.

It is well settled that whenever the act which the petitioner seeks to have performed requires the exercise of *discretion*, this remedy will not lie: Kelly et al. v. The City of Chicago et al. 62 Ill. 279; The People, ex rel. etc. v. Williams et al. 55 Id. 178. And where the law, imposing a duty upon a municipal corporation, makes the performance thereof discretionary with its authorities, a writ of mandamus to compel perform-

ance will not lie; but if there is no discretion to act, it is otherwise. City of Ottawa v. The People, ex rel. etc. 48 Id. 233.

The principle is, we think, well stated in High on Extraordinary Remedies, Sec. 24, as follows:

"But the most important principle to be observed in the exercise of the jurisdiction by mandamus, and one which lies at the very foundation of the entire system of rules and principles regulating the use of this extraordinary remedy, is that which fixes the distinction between duties of a peremptory or mandatory nature, and those which are discretionary in their character, involving the exercise of some degree of judgment on the part of the officer or body against whom the mandamus is sought. This distinction may be said to be the key to the extended system of rules and precedents forming the law of mandamus, and few cases of applications for this extraordinary remedy occur which are not subjected to the test of this rule. Stated in general terms, the principle is that mandamus will lie to compel the performance of duties purely ministerial in their nature, and so clear and specific that no element of discretion is left in their performance; but that as to all acts or duties necessarily calling for the exercise of judgment and discretion on the part of the officer or body at whose hands their performance is required, mandamus will not lie." See, also, Swann v. Gray, 44 Miss. 392; Mayor v. Rainwater, 47 Id. 547; People ex rel. v. Metzger, 47 Cal. 524.

It cannot be doubted that in this case the city council had, under the provisions of the city charter, a power to pass upon and determine the election and qualification of its members, involving the exercise of *judgment* and *discretion*, and which was *quasi* judicial in its nature. Had they refused to act at all, they might perhaps have been compelled by mandamus to proceed to determine the election and qualification of a member, but the result to which they might arrive when once put in motion could not be determined in a proceeding of this character. That must still be left to their discretion. Any other rule would take from them their discretion altogether, and make their duties purely ministerial.

Nor do we perceive that any different rule applies after they

Hildreth v. Heath et al.

have exercised their discretionary power and performed their *quasi* judicial functions, and reached a conclusion. Such conclusion may be erroneous, but the liability to errors, both of fact and of law, is necessarily incident to the exercise of a discretion. A writ of mandamus can no more be employed to correct an error after it has been committed, than to prevent the commission of an error by directing in advance what decision shall be rendered.

But it is insisted on behalf of plaintiff in error, that the section of the city charter which declares a person to be ineligible to the office of alderman, who has been convicted of malfeasance, bribery, or other corrupt practices or crimes, should be limited by construction to convictions under the laws of the state of Illinois, and that conviction in the courts of the United States of an offense created by an act of congress, cannot under this section be held to constitute a disqualification. We are inclined to hold that the construction of the charter here contended for by counsel for plaintiff in error, is the correct one, and that the city council, in adopting the contrary construction, committed an error of law.

Plaintiff in error further insists that the President's pardon, set up in his replication, removed and cured his disqualification and ineligibility, if any such existed, and that the city council should have so held. In this we are inclined to think he is correct, and that the city council decided erroneously in adopting the contrary view of the law. These were all matters, however, fairly within the purview of judgment and discretion, and upon which the minds of men might fairly and honestly arrive at different conclusions. The determination of these questions was, we think, fairly within the power vested in the city council by the charter. They having considered them and reached, the conclusions which have seemed to them correct and sound, their determination cannot now be revised by a mandamus.

We are not inclined to hold that the discretion vested in the city council by the charter was so far exclusive as to oust the courts of all jurisdiction over the subject matter thereby submitted to the judgment of the city council. In a proper pro-

ceeding the plaintiff in error doubtless might obtain relief against errors of law committed against him by the council in its decision, but we do not think he has employed the appropriate remedy in this case.

In People ex rel. etc. v. Head, 25 Ill. 325, the court held that mandamus is not the proper writ by which to try and finally determine the right of a party to an office, but that the proper mode of trying such right is by *quo warranto*.

In People ex rel. etc. v. Common Council of Detroit, 18 Mich. 338, a relator, who claimed to have been elected by the common council to the office of assessor, and was wrongfully deprived of the office by the refusal of the council to count the vote of one of the members in his favor, applied for a mandamus to compel them to count such vote and declare him elected, and the court held that mandamus was not a proper proceeding in that case, and declined to make an order to show cause.

We are of opinion that no error was committed by the court below in sustaining the demurrer to the replication and rendering judgment, dismissing the petition, and consequently we affirm the judgment.

Judgment affirmed.