JANUARY TERM, 1894. 385

Puckett, Tax Collector, v. State of Florida ex rel.—Syllabus.

S. S. PUCKETT, TAX COLLECTOR OF THE CITY OF ORLANDO, APPELLANT, VS. THE STATE OF FLORIDA, EX REL. D. GEORGE JOHNSON, APPELLEE.

1. In mandamus proceedings the allegations of the alternative writ can only be considered on a motion to quash, and it is essential that such allegations should show a clear *prima facie* case in favor of the relator. In order to make a *prima facie* case the writ should allege all the essential facts which show the duty and impose the legal obligation on respondent to perform the acts demanded of him, as well as the facts that entitle the relator to invoke the aid of the court to compel the performance of such duty.

2. An alternative writ alleged, in substance, that relator applied for and obtained from the proper officials a state and county license to retail liquors, wines and beer in the city of Orlando, and then made application to respondent, as tax collector of said city, for a license required by the city to carry on such business within its corporate limits, and that he refused to issue the license, although the license tax and all costs were tendered to him, and it was his duty to issue the same: *Held,* That said writ was defective, as there was no statutory provision making it the duty of respondent to issue the license demanded, and it is not alleged that the city had legally imposed such duty on him by ordinance, or otherwise.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*W. H. Jewell* for Appellant.

*E. R. Gunby* and *Beggs & Palmer* for Appellee.

MABRY, J.:

Mandamus proceedings were instituted in the name of the State, on the relation of Johnson, appellee, against Puckett, appellant, to compel the issuance by the latter to the former of a city license for carrying on the business of a dealer in liquors, in the city of Orlando. The alternative writ alleges in substance that Johnson applied for and obtained from the tax collector of Orange county a state and county license as a dealer in spirituous, vinous and malt liquors in the city of Orlando, State of Florida, for a period beginning on the first day of November, 1889, and ending the first day of October, 1890, said license being issued by the tax collector, and also signed by the county judge of said county; that he, Johnson, applied to Puckett, the tax collector of the city of Orlando, for a license required by the city of a person carrying on the business of a dealer in such liquors in said city, and tendered to him, as such collector, the money for such license tax and all costs and charges for issuing the same, but "the said tax collector refused, and still refuses, to issue to the said petitioner the said license, as is the duty of the said collector; by means whereof the petitioner was and is deprived of and prevented from carrying on his business as such dealer in spirituous, vinous and malt liquors in the said city of Orlando, as is his just and legal right to do." A motion was made to quash the alternative writ for the following reasons, viz: 1. The allegations show no sufficient facts to justify the interposition of the court. 2. The allegations are vague, uncertain and inconsistent. 3. The writ does not show that relator at the time of the tender alleged, had complied with the law and ordinances in such cases, nor is there any offer to comply therewith. 4. The writ does not properly allege that re-

spondent was duly authorized or empowered to issue the license demanded. 5. No reason is set forth in said writ as the cause of respondent's refusal, and the court will not infer that he wilfully refused to do his duty. 6. Relator does not allege that he has no other adequate legal remedy. This motion was overruled, respondent answered, a demurrer to the answer was sustained and an appeal taken from the decision of the court ordering a peremptory writ of mandamus to issue.

We will consider the assignment of error based upon the ruling of the court on the motion to quash the writ. On this point we are confined to the allegations of the alternative writ, the substance of which we have given. The alternative writ in mandamus proceedings must show a clear *prima facie* case in favor of relator. State *ex rel.* vs. Finley, Judge, 30 Fla., 302, 11 South. Rep., 674; Town of Enterprise vs. State *ex rel.*, 29 Fla., 128, 10 South. Rep., 740. In order to make out a *prima facie* case the writ should allege all the essential facts which show the duty and impose the legal obligation on the respondent to perform the acts demanded of him, as well as the facts that entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation. High's Ex. Legal Rems., sec. 536; Canal Trustees vs. People, 12 Ill., 248; Lavalle vs. Soucy, 96 Ill., 467; Hambleton vs. Town of Dexter, 89 Mo., 188; The King vs. Bishop of Oxford, 7 East, 345; Holland, Sheriff, vs. State *ex rel.*, 23 Fla., 123, 1 South. Rep., 521.

All of the essential allegations in the alternative writ before us may be succinctly stated as follows, *viz:* That the relator applied for and obtained from the proper officials a state and county license to retail liquors, wines and beer in the city of Orlando, and

then made application to respondent, as tax collector of said city, for a license required by it to carry on such business within the corporate limits, and that he refused to issue the license, although the license tax and all costs were tendered to him, and it was his duty to issue the same. It is not contended that the writ is defective because it fails to allege that relator had complied with the prerequisites in reference to obtaining the state and county license from the county officials, but it is conceded in the brief of counsel for appellant that said license was duly obtained. We will not, therefore, devote any attention to that part of the writ in reference to obtaining the state and county license, but will confine ourselves to the allegations in reference to the duty of respondent to issue the license.

There is no statutory provision making it the duty of respondent, as tax collector of the city of Orlando, to issue the license demanded of him. The city was invested with authority to impose an occupational tax on relator not exceeding fifty per cent. of the state tax, and also to require him to procure from the city a license for carrying on his business within the city limits. The authority to require the city license was acquired under the general law for incorporating cities and towns, and by virtue of such authority the city could by ordinance impose the duty of issuing the license upon the tax collector or some other municipal officer. The statute giving the authority to require the license does not prescribe how it shall be issued. The writ of mandamus can only be invoked to compel the performance of a legal duty appertaining to an official, or *quasi* official, function, and where the relator comes into court asking for such relief, the rule requires, as we have seen, that the alternative writ should allege all the essential facts which show such duty. In the case

'before us we think the allegations are insufficient. It is stated that the relator applied to respondent for a license required by the city, but it is not alleged that the city in any authorized way imposed the duty of issuing the license upon respondent, nor does it appear that he was under any duty imposed by law to issue it. The mere allegation of a duty to issue the license, without stating how the duty was imposed, is not sufficient. State *ex rel.* vs. Finley, Judge, *supra.* If it was the duty of the respondent, under the ordinances, to receive the tax money and issue the license required, it should have been stated, but this was not done. The alternative writ being defective for the reasons given, the motion to quash should have been sustained, and this being the case, the other questions presented are not open for consideration.

The judgment will, therefore, be reversed, with directions to sustain the motion to quash the alternative writ, and such will be the order entered.