G. S. Scott, D. W. Davis, E. T. Helvenston, William Hocker, W. J. Edwards, Richard McConathy and Ed. Deloust, Members Composing the City Council of the City of Ocala, Plaintiffs in Error, vs. The State of Florida *ex rel.* Otto Grothe, Defendant in Error.

1. An alternative writ of mandamus should make a clear *prima facie* case in favor of the relator by alleging all the essential facts which show the duty and impose the legal obligations on the respondent to perform the acts demanded of him, as well as the facts which entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation.
2. Public officers must be presumed to have discharged their duty in the absence of a showing to the contrary.
3. Allegations which are equally consistent with a rightful or a wrongful refusal to act will not state a case for mandumus.
4. Respondents, as members of a city council, were judges of the qualification, election and return of the members of such council. An alternative writ of mandamus to require them to recognize relator as such member, alleging that they refuse so to do, but not negativing the idea that such refusal is because in the exercise of the discretion confided to them, they have found that he is not entitled to such office, states no case for mandamus.

Writ of Error to the Circuit Court for Marion County.

## *Statement.*

Alternative writ of mandamus was issued from the court below to the plaintiffs in error as members of the city council of Ocala directing them to permit the relator, Grothe, to assume the functions and powers and enter upon the duties of alderman at large of said city, or show cause to the contrary. The writ recited that said Grothe then was and had been for more than five years a resi-

dent of said city, and a qualified elector of same; that said city was a municipality under the laws of this State entitled to all of the rights and privileges usual thereto; that at an election called and held by the said city on the second Tuesday in December, 1899, for the purpose, among other things, of selecting an alderman at large for said city, whose term of office would begin on the second Tuesday in January following, the petitioner received a majority of the votes cast therefor as shown by the official returns of said election, which returns were afterwards canvassed by the city council of said city and declared by them to be correct; that afterwards, to-wit: on or about February 7th, 1900, the city clerk in pursuance of a writ of mandamus issued by the court below executed and delivered to relator a certificate in form required by section 52 of election ordinance of said city, showing the result of said election as aforesaid, "which certificate relator alleges is made by said section 52 *prima facie* evidence of petitioner's (relator's) election to said office in all contests or investigations before said city council;" that on February 8th, 1900, relator "duly took the oath of office of alderman at large of said city of Ocala, as prescribed by section 663 of the Revised Statutes of Florida, before and administered by W. S. Bullock, who was at the time the mayor of said city and duly qualified to administer said oath;" and that notwithstanding the fact of the petitioner being fully qualified to assume the functions and powers, and enter upon the duties of alderman at large of the said city of Ocala, as appears by the facts therein before set forth, and the further fact that the petitioner had filed his certificate of election hereinbefore mentioned, and also his written oath of office, with the clerk of said city, all of which was called to the attention of the city

council, said council at a regular meeting held on the evening of March 6th, 1900, refused to permit the petitioner to assume the powers or enter upon the several duties of alderman at large of said city of Ocala although demanded by petitioner at the time. To this alternative writ a demurrer was interposed upon the grounds, first, no such office as alderman at large of the city of Ocala exists; second, the writ shows that relator never qualified as a member of said body as required by law; third, the writ fails to disclose relator's election to the city council of Ocala; fourth, the writ is vague and insufficient in alleged facts to justify the relief sought. This demurrer was overruled and after further pleading and the hearing of evidence the court granted a peremptory writ in conformity with the alternative writ. Respondents sued out writ of error to this court, one of the errors assigned being the order overruling demurrer to the alternative writ.

The other facts are stated in the opinion of the Court.

*William Hocker,* for Plaintiffs in Error.

*L. N. Green,* for Defendant in Error.

MAXWELL, C., (*After stating the facts.*)

The alternative writ in this case is directed to the members of the city council of the city of Ocala, commanding them to permit the relator to assume the functions of the office of member of such council. In order to support such mandate, it is necessary that the allegations of the alternative writ should make a clear *prima*

*facie* case in favor of the relator, by "alleging all the essential facts which show the duty and impose the legal obligation on the respondent to perform the acts demanded of him, as well as the facts which entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation." Puckett v. State *ex rel.* Johnson, 33 Fla. 385, 14 South. Rep. 834.

Section 3 of Chapter 4089, acts of 1891, entitled "an act to extend and enlarge the boundaries and powers of the municipality known as Ocala, Marion County, Florida," provides that "the city council shall judge of the qualifications and elections and returns of its own members, and shall prescribe rules for the determination of contested elections." The writ therefore is directed to a body having the power to judge of the qualifications, elections and returns of its own members ordering that it recognize the relator as the successful candidate in the election. Many courts hold that mandamus will not under such circumstances lie to a body of this character (Board of Supervisors of Mason County v. Minturn, 4 W. Va. 300; State *ex rel.* Williams v. Common Council City of Rahway, 33 N. J. L. 111; Peabody v. School Committee City of Boston, 115 Mass. 383; Hildreth v. Heath, 1 Ill. App. 82; Mayor of Vicksburg v. Rainwater, 47 Miss. 547; High on Ex. Legal Rem. Sec. 403) ; but if it be that in this State under the decision of State *ex rel.* Donnelly v. Teasdale, 21 Fla. 652, mandamus will lie in such cases, still the alternative writ must show the facts establishing a clear legal right. If there are circumstances in this case which will support such a writ, they must appear from the allegations of the writ. The respondents as officers of the city must be presumed to have discharged their duty in the absence

of allegations to the contrary. All of the allegations of the writ as filed herein are consistent with the idea that the respondents, in the exercise of their functions as judges of the election in question, rightfully refused to recognize the election of the relator, because they had previously in accordance with the powers conferred on them determined that relator was not rightfully entitled to the office of councilman at large by virtue of the election and qualification alleged in the writ. Allegations which are equally consistent with a rightful or a wrongful refusal to act will not state a case for mandamus. The writ, in such a case, "must contain not only the affirmative allegation of proceedings necesary to entitle the party to the process prayed for, but it must also be averred that other facts which would justify the omission complained of do not exist." Hoxie v. County Commissioners of Somerset, 25 Me. 333; Goss v. Common Council of Vermontville, 44 Mich. 319.

The demurrer to the alternative writ should have been sustained, and the judgment is reversed and the case remanded with directions that such order be entered, and for further proceedings in accordance with law.

GLEN, C., concurs.

PER CURIAM.

The foregoing opinion has been examined by the court and is hereby approved and adopted and ordered to be filed as the opinion of the court in said cause.