## Town of Stites et al. v. Wiggins Ferry Co.

1. STATUTES—*Canon of Construction—Noscitur a Sociis.*—If general words follow an enumeration of particular cases in a statute such general words are held to apply only to cases of the same kind.

2. SAME—*Construction of Section 20, Chapter 121, R. S., Roads and Bridges.*—Section 20 of Chapter 121, R. S., entitled " Roads and Bridges " (Hurd's Ed. 1899, p. 1472), enlarges the powers of the commissioners of highways so that they are not only authorized to build bridges but other distinct and expensive works on the road.

**Bill for an Injunction.**—Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

BENJAMIN H. CANBY and KRAMER, CREIGHTON & SHAEF-FER, attorneys for appellants.

CHARLES W. THOMAS, attorney for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court. This appeal is prosecuted from a decree of the Circuit

Court of St. Clair County, perpetually enjoining appellants from issuing bonds of the town of Stites to the amount of $25,000. Besides the town itself, the supervisor, highway commissioners, and the town clerk of the town, and also the village of Brooklyn, were made parties to the bill. All of the defendants, except the village of Brooklyn, were perpetually enjoined from issuing and delivering the bonds.

This proceeding involves the construction of the powers of the town as defined in Section 20 of Chapter 121, Hurd's R. S. 1899. The cause was heard on bill and answer, together with a stipulation that appellants have in all respects taken the necessary steps contemplated by said section. The act sought to be done by appellants is the "construction" of a road known as the East St. Louis & Brooklyn road, the same being at the present time a public highway, having a total length of 9,000 feet, 5,080 feet of which is within the corporate limits of the village of Brooklyn, 2,911 feet is within the town of Stites and 1,009 feet is one-half in the town of Stites and one-half in the city of East St. Louis.

There is no claim that any part of the road as thus described is outside the limits of the town of Stites. The road being already a public highway, the particular "construction" for which appellants desire the issue of the bonds is by elevating the road so as to put it on a level with the Clover Leaf railroad track, and widen it so that it will be forty feet wide on top, and to construct a macadam travel way, thirty feet wide, in the center.

The answer admits that appellee is a property owner and taxpayer of the town. The proposition to construct and make this road as stated, was carried by a majority vote at a special town meeting, held at the town hall in the village of Brooklyn, on the 19th of February, 1900.

It is the contention of appellee that such a work as appellants are contemplating can only be carried on under the act of June 18, 1883, known as the "Hard Roads Act." Hurd's R. S. 1899, Chap. 121, Secs. 129–148.

On the other hand appellants contend that section 20,

above referred to, is almost identical with Section 112 of Chapter 121, R. S. 1874, and that it is a revision thereof; that the latter section empowered the commissioners of highways simply to build bridges and that section 20 enlarged the powers of the commissioners so that they could not only build bridges, but "other distinct and expensive work on the road," so that the expression just quoted empowers the commissioners to construct this road by the issue of the bonds.

It was observed *arguendo*, in People v. Commissioners of Highways, 32 App. 164, that the statute treats of roads and bridges as separate legislative subject-matters; this distinction is expressly recognized in section 20, where a bridge is considered " distinct  *  *  *  work on the roads." If the construction of this road is authorized under this section, then it would follow that the construction of the entire road itself would be "distinct  *  *  *  work on the road," just as a bridge within the scope of the language of the law, is distinct work on the road."

It is evident from the language of the statute that a bridge is a distinct legal conception from the road itself, though it may form a part thereof. To predicate of the entirety of a legal conception, " distinctness " from itself, involves a manifest incongruity. If, however, this may be said to place too literal a construction upon the words under consideration, then there is a well recognized canon of construction, the principle *noscitur a sociis*.

If general words follow an enumeration of particular cases, such general words are held to apply only to cases of the same kind as those which are expressly mentioned, unless there is something to show that a wider sense was intended. Shirk v. People, 121 Ill. 61; Webber v. City of Chicago, 148 Ill. 313; Ambler v. Whipple, 139 Ill. 311. The use of the word "distinct" rebuts the idea that a wider sense was intended; and when it is recollected that section 20 was passed by the same legislative body that enacted the " Hard Roads Act," the intention of the legislature would clearly seem to be that the building of " other dis-

tinct and expensive work on the road " must have the same or kindred relation of separableness from the road itself that a bridge has. The construction contended for by appellants would require the absolute elimination of the word " distinct." The case of McKeon v. Wolf, 77 Ill. App. 325, contains a valuable opinion on the matter of construing statutes framed as section 20 is, and we can add nothing to the reasoning therein contained.

The decree of the Circuit Court, being in accord with the views herein expressed, is therefore affirmed.