## People ex rel. Frank J. Barnett et al., Plaintiffs in Error, v. Charles A. Bartlett, Defendant in Error.

1. MUNICIPAL CORPORATIONS—*what does not affect eligibility of alderman.* A conviction of the crime of using the mails for lottery schemes does not render an incumbent ineligible to hold the office of alderman.

2. MUNICIPAL CORPORATIONS—*what essential that conviction shall affect eligibility of aldermen..* Held, that a statute which renders an alderman ineligible if convicted "of malfeasance, bribery or other corrupt practice or crime" etc., should be restricted to those enumerated offenses committed within the territorial and political jurisdiction of the state and cannot be extended to embrace such offenses committed in violation of the laws of other states or of the United States.

3. STATUTES—*how affecting rights of citizenship construed.* A statute which excludes a citizen from exercising rights of citizenship is to be strictly construed.

Quo warranto. Error to the Circuit Court of Madison county; the HON. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

J. F. GILLHAM, for plaintiffs in error; EATON & EECK, of counsel.

EARLY & WILLIAMSON and TERRY & GUELTIG, for defendant in error.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Plaintiffs in error filed an amended information in the nature of a *quo warranto* informing the court that defendant in error unlawfully held and executed without warrant, right or lawful authority, the office of alderman of the city of Edwardsville, and had usurped said office. The information prayed process and the answer of defendant in error, by what warrant he held and executed the office.

Defendant in error interposed two pleas, in the first of which all the material facts necessary to show how he was elected and qualified to hold the office were averred except that he did not aver that he had not been convicted of malfeasance, bribery or other corrupt practice or crimes, but averred he had not been so convicted "under the laws of the State of Illinois." The second plea contained the same averments as the first and in addition thereto contained the following averment to-wit: "Nor has he ever been convicted of malfeasance, bribery or other corrupt practice or crimes." To the first of the pleas plaintiffs in error demurred, and the court overruling the demurrer, the plaintiffs in error abided by it. To the second plea plaintiffs replied that defendant was convicted on February 1, 1905, in the District Court of the United States in and for the Southern District of Illinois, on an indictment charging him with using the mails for lot-

306     Appellate Courts of Illinois.

People ex rel. Barnett v. Bartlett, 169 Ill. App. 304.

tery schemes; that judgment was rendered thereon, and he was sentenced to pay a fine. ''Wherefore he had forfeited his qualifications for, and was ineligible to hold the office of alderman in the city of Edwardsville.'' Defendant in error interposed a demurrer to this replication which was sustained, and upon plaintiffs abiding by the replication, the court entered judgment in bar of the action on the first plea and in bar of the action on the replication.

The errors assigned question the ruling of the court in entering said judgment, and the record presents two questions to be determined.

The replication to the second plea presents the question whether using the United States mails for lottery schemes and a conviction therefor operated to make defendant in error ineligible to hold the office of alderman of a city organized under the general law of this State entitled ''Cities, Villages and Towns.'' Paragraph 5, Art. 3, of said statute reads as follows: ''No person shall be eligible to the office of alderman * * * if he shall have been convicted of malfeasance, bribery or other corrupt practices or crimes.''

It is claimed by plaintiff in error that the words ''other corrupt practices or crimes'' mean any corrupt practices or crimes of which defendant in error was convicted while defendant in error insists that in the interpretation of the statute the rule of *ejusdem generis* applies and only such corrupt practices or crimes as are of the same class as malfeasance or bribery, were intended to be included in the language of the act. The crime averred in the replication with which defendant in error is charged is not of the same class as the crimes of malfeasance and bribery.

The rule which usually obtains in cases where a citizen is excluded from exercising rights of citizenship is, that such statutes should have a strict construction. It is also a well settled rule of interpreta-

tion that "if general words follow an enumeration of particular cases such general words are held to apply only to cases of the same kind as those which are expressly mentioned, unless there is something to show a wider sense was intended." Town of Stites v. Wiggins Ferry Co., 97 Ill. App. 157. See also Potters Dwarris, 247-248; Sherk v. The People, 121 Ill. 61. "When the language of the act itself points to the associated words as interpreting the more general ones the application of the rule is obvious. * * * They take as it were their color from each other; that is, the more general is restricted to a sense analogous to the less general." Endlich Int. of Stat. 400.

Testing the statute before us by these rules, we think its language comes clearly within the rule *ejusdem generis,* and that the words *other* corrupt practices or crimes were intended by the lawmaker to mean such corrupt practices or crimes as were of the same class as bribery and malfeasance as they relate to the evil conduct of public officers.

"Where general words follow particular ones, the rule is to construe the former as applicable to persons or things *ejusdem generis.* This rule has been stated as to the word 'other' thus: Where a statute * * * enumerates several classes of persons or things and immediately following and classed with such enumeration, the clause embraces other persons or things the word 'other' will generally be read as 'other such like' so that persons or things therein comprised may be read as *ejusdem generis* with, and not of a quality superior to, or different from these specifically enumerated." Am. & Eng. Ency. of Law, 2nd Ed., 1012; Misch v. Russell, 136 Ill. 22. While this rule of construction is not inflexible and is one of intention only, we are quite clear it should be invoked in this case.

We think the alleged offense charged against defendant in error in the replication not being of the

same class as bribery and malfeasance the court properly sustained the demurrer thereto.

Under the averment of the first plea that defendant in error had not been convicted of malfeasance, bribery or other corrupt practices or crimes under the laws of the State of Illinois, the other question is presented whether it is necessary to make him ineligible that he should be so convicted under the laws of this state, or whether such conviction under the laws of some other state or country or of the United States would be sufficient.

We have not been referred by counsel to any decision directly decisive of the question, nor have we in our investigations been able to find one. The case of Hildreth v. Heath et al., 1 Ill. App. 82, cited by counsel for defendant in error, was one where the remedy by mandamus had been invoked to compel the city council to admit a member, and it was held the remedy would not lie, as the power to judge of the qualifications of its members, involved the exercise of the judgment and discretion of the council, and their determination in that respect, could not be revised by mandamus.

While it was not necessary to the decision of that case, Justice Bailey, the writer of the opinion, said the court was inclined to hold that the section of the city charter which declared a person to be ineligible to the office of alderman, who had been convicted of malfeasance, bribery or other corrupt practices or crimes, should be limited by construction to convictions under the laws of the State of Illinois, and that a conviction in the courts of the United States of an offense created by act of Congress could not be held to be a disqualification. While this expression of opinion appears to be an *obiter dictum* we think it stated a correct principle. It is a rule of interpretation that in the absence of an intention expressed or inferred, the presumption is that the legislature does not intend a statute to operate beyond the territorial limits of

FOURTH DISTRICT—APRIL, 1912.        309

Union T. & S. Bank v. K. L. D. T. Co. of Mo., 169 Ill. App. 309.

its jurisdiction. Am. & Eng. Ency. of Law, 2nd ed., Vol. 26, 643, and cases cited. Nor do we think it can be intended to operate beyond its political jurisdiction.

"Generally all laws are coextensive and only coextensive with the political jurisdiction of the law-making power." McCarthy v. C. R. I. & P. Ry., 18 Kan. 46. We think by the language of the statute above recited, it should be restricted to those enumerated offenses committed within the territorial and political jurisdiction of the state and cannot be extended to embrace such offenses committed in violation of the laws of other states or of the United States.

The plea presented a good defense to the information and the demurrer to the plea was properly overruled.

Perceiving no error the judgment of the circuit court is affirmed.

*Affirmed.*