**RALPH CHRISTIE, et al., v. THE CITY OF LAKE CITY, FLORIDA, a municipal corporation.**

26 So. (2nd) 167

April 23, 1946

Rehearing denied June 3, 1946

January Term, 1946

En Banc

*C. A. Avriett* and *J. B. Hodges,* for appellants.

*W. H. Wilson, Jr.,* and *Davis, Davis & McClure,* for appellee.

BUFORD, J.:

The appeal brings for review decree of the Circuit Court of Columbia County, Florida, bearing date of September 17th, 1945, and recorded in Chancery Order Book M, page 205, as well as an order bearing date of October 15th 1945 appearing in Chancery Order Book M on page 219. The decree of September 17th dismissed the bill of complaint and the order of October 15th 1945 denied motion for rehearing.

The bill of complaint was for a declaratory judgment construing certain ordinances of the City of Lake City prohibiting the allowing of livestock to run at large within the limits of the said city and challenged the power and authority of the city law-making authority to enact the ordinances complained of.

The court by its decree of September 17th 1945 held that the City had the power and authority under Section 16809, Florida Statutes 1941 (same FSA) to enact the ordinances in question and dismissed the bill of complaint.

The petition for rehearing alleged in effect that the ordinances were invalid because there did not appear to be any record of proof of publication of the original ordinances involved so as to comply with statutory provisions requiring such publication before the ordinances became effective.

The petition for rehearing did not aver that no notices were given in regard to the passage of such ordinances as was required by statute and, therefore, such petition was without merit. This is true because of the rule that public officers must be presumed to have discharged their duty in the manner required by law, in the absence of an affirmative showing to the contrary. See Scott et al. City Council v. State ex rel. Grother, 43 Fla. 396. 31 So. 244, 22 C. J. 130.

There was no allegation in the bill of complaint that the ordinances in question were unreasonable or resulted in the confiscation of property without due process of law.

No reversible error is reflected by the record. Therefore, the decree and order appealed from are affirmed.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.