ABEL HOXIE & *al. Pet'rs versus* THE COUNTY COMMISSIONERS OF SOMERSET.

A *mandamus* to an inferior court will not be granted, unless the petition alleges facts sufficient, if proved, to show that such court has omitted a manifest duty.   It must contain not only the affirmative allegation of proceedings necessary to entitle the party to the process prayed for; but it must also be averred, that other facts which would justify the omission complained of, do not exist.

A *mandamus* to the County Commissioners will not be granted, if every statement in the petition therefor may be true, and yet the Commissioners be in no fault whatever.

And it may well be doubted, whether two or more persons to whom damages have been awarded, severally sustained by them by the laying out of a road across their respective lands, in which they have no common interest, can well make a joint application for a *mandamus* to the County Commissioners, grounded on some alleged omission of duty in relation to such damages.

THIS was petition by Abel Hoxie and Dennis Blackwell for a *mandamus* to the County Commissioners of Somerset.   The facts in the case are recited at the commencement of the opinion of the Court.

The case was argued by

*Noyes,* for the petitioners: — and submitted without argument, by

*Leavitt,* County Attorney, for the respondents.

The opinion of the Court was drawn up by

TENNEY J. — The petitioners represent, that a highway, described in their petition, commencing at a point in the county of Kennebec and extending into the county of Somerset, was adjudged by the County Commissioners of the two counties, acting jointly, at a session duly called and legally notified, on the 17th day of October, A. D. 1839, to be of common convenience and necessity; and on the 19th day of the same October, the County Commissioners of the county of Somerset ordered the part of the highway which lies in that county, to be established according to law, and located the same in pursuance of the adjudication of the joint board of Commissioners, and made their report the next March Term of the court of County Commissioners; and that there was allowed to the petitioners for their damages, sustained by the location and establishment of said road over and across their land, the sum of twenty-five dollars to one, and the sum of forty-five dollars to the other, which sums were ordered to be paid, when the road should be opened. And it is alleged in the petition, that the County Commissioners, although they have been requested, unjustly neglect and refuse, to order the damages so allowed to the petitioners, to be paid, except, till after the road shall have been made and opened, which has not been done; and they pray for a writ of *mandamus* to the respondents, commanding them to order and direct the damages so allowed to be forthwith paid.

A writ of *mandamus* to an inferior Court will not be granted, unless the petition alleges facts sufficient, if proved, to show that such Court has omitted a manifest duty. It must contain not only the affirmative allegation of proceedings, necessary to entitle the party to the process prayed for, but it must also be averred, that other facts, which would justify the omission complained of, do not exist.

The statute of 1835, § 1, provides, "that after the County Commissioners shall, upon petition therefor, have laid out or altered any highway or town way, and shall order their return thereof to be recorded, they shall also cause to be entered of

record, that the original petition, upon which their proceedings are founded, is continued and to be continued until their second next regular session to be holden thereafter, and all persons or corporations aggrieved by the decision of the County Commissioners in estimating damages, shall present their petitions for redress, at the first or next regular session, and if no such petition be then presented, the proceedings upon such original petition shall be considered as closed, and so entered of record, and all claims for damages, other than those awarded by the County Commissioners, shall be and remain forever barred; but if any petition be presented as aforesaid, for increase of damages, by reason of laying out of said road, and a committee be appointed or jury ordered thereon, it shall be the duty of the County Commissioners, still further to continue the original petition," &c. And it is further provided, that the county or town, liable for damages, shall be allowed a time not exceeding two years from the day on which all proceedings on the original petition are closed, within which to pay all damages, that may then appear of record to be due by reason of laying out such road.

In the petition before us, there is no averment, that applications had not been made for redress by persons or corporations, aggrieved by the decision of the County Commissioners in estimating damages; nor that petitions were presented and continued, and committees appointed or juries ordered, and returns made by them and accepted, and all proceedings closed at a certain time mentioned. It contains no statement of the time within which damages were to be paid, after proceedings were closed. The Commissioners were not bound by the statute to order the damages to be paid till two years thereafter, nor until demand should be made for the sums allowed. There is no allegation, that the proceedings were closed, or that demand had been made, for the damages, at a time when the petitioners were entitled thereto. Every statement in the petition may be true, and the respondents be in no fault whatever.

The allegation in the petition, that the sum of forty-five dollars was allowed to Abel Hoxie as damages, is not supported by the proof adduced. It appears from the record, that there was allowed to Simeon Doe *or* Abel Hoxie that sum. Doe had an equal right with Hoxie to receive it; and there is nothing in the petition or the evidence, to show, that the right of the former was extinguished, or that he did not receive the amount awarded, or give a discharge therefor.

It may well be doubted, whether two or more persons, whose interest and cause of complaint are entirely distinct, can make a joint application for the writ prayed for. It is not believed that the common law authorizes such a course; and the provision in Stat. of 1821, c. 118, § 5, and in Rev. Stat. c. 25, § 9, do not appear to have been designed for such a purpose, but extend only to an application for an increase or decrease of damages. The record shows, that a certain sum was awarded to Simeon Doe, or Abel Hoxie, and another sum to Dennis Blackwell, as damages, severally sustained by them, by reason of the road laid out across their lands; there was no interest common to both in either parcel.

*The petition must be dismissed.*