Coats *v.* The State, *ex rel.* Marion Window Glass Company.

Filed November 29, 1892.

No. 16,018.

COATS *v.* THE STATE, EX REL. MARION WINDOW GLASS COMPANY.

JUSTICE OF THE PEACE.—*Duty to Accept Appeal Bond.*—*Compulsion by Mandate.*—*Fees in Advance of Service.*—*Not Entitled to.*—*Insufficiency of Answer.*—In an action of *mandamus* to compel a justice of the peace to approve an appeal bond and make a certified transcript of the proceedings had before him, and file the same, together with the papers in the cause, with the clerk of the Circuit Court, the defendant answered in two paragraphs, as follows: "*First,* That he had considered the appeal bond tendered and filed with him insufficient, and for that reason he rejected it. *Second,* That he demanded his fees of the Window Glass Company in advance, which it refused to pay."

*Held,* that the acceptance and approval of a good and sufficient appeal bond is a mere ministerial duty, and *mandamus* is the proper remedy for a refusal to perform such duty, and that upon such refusal an action may be brought immediately to compel him to accept said bond, etc.

*Held,* also, that the Window Glass Company was under no obligation to pay fees to the justice until the latter had rendered the services required of him by the statute.

*Held,* further, that the matters set up in the answer were wholly insufficient as a bar.

From the Grant Circuit Court.

*G. W. Harvey* and *A. De Wolf,* for appellant.

*W. H. Carroll* and *G. D. Dean,* for appellee.

COFFEY, J.—On the 27th day of October, 1890, one Du-Waux recovered a judgment against the Marion Window Glass Company before the appellant, who was an acting justice of the peace of Center township, in Grant county. Within thirty days after the rendition of said judgment, the company filed with the appellant a good and sufficient appeal bond in said cause, and prayed an appeal to the Grant Circuit Court. The appellant refused to approve the bond and grant the appeal. This action was brought in the Grant Circuit Court by the appellee to compel the appellant, by mandate, to approve the appeal bond, and to make a certified transcript of the proceedings had before him, and file the same, together with the papers in the cause, with the clerk of the Grant Circuit Court.

The appellant answered the complaint in two paragraphs:

*First.* That he had considered the appeal bond tendered and filed with him insufficient, and for that reason he rejected it.

*Second.* That he demanded his fees of the Window Glass Company in advance, which it refused to pay.

In our opinion neither of these answers was sufficient to bar the action brought by the appellee. The appellant admits that the bond filed with him was, in fact, a good and sufficient appeal bond in the case which the company sought to appeal. This being true, it was the duty of the appellant to accept and approve it. If his determination of the sufficiency of the bond were to be adjudged conclusive between the parties, then it would be within the power of a justice of the peace to make his court a court

of last resort in any case tried before him by simply determining that any appeal bond tendered him was insufficient. It was never intended, we think, to confer any such power upon a justice of the peace in this State.

The acceptance and approval of a good and sufficient. bond when tendered was a mere ministerial duty, and *mandamus* is the proper remedy for a refusal to perform. such duty. *Gulick* v. *New*, 14 Ind. 93; *Board, etc.*, v. *State,* 61 Ind. 379; *State, ex rel.* v. *Board, etc.*, 124 Ind. 554; *Copeland* v. *State, etc.*, 126 Ind. 51; *State, ex rel.* v. *Engle*, 127 Ind. 457.

We are not called upon to decide what would be the rule in a case where there was a reasonable question as to the sufficiency of the bond, for in this case the appellant occupies the position of refusing to approve an appeal,. about the sufficiency of which he makes no question.

Section 1501, R. S. 1881, provides that on filing the appeal bond provided for by the next preceding section of the statute, the justice shall make out and certify a complete transcript of all the proceedings had before him, and transmit the same, together with such bond and all other papers in the cause, to the clerk of the Circuit Court to which the appeal is taken, within twenty days thereafter.

Of course the appellant would be entitled to the statutory fees for the performance of the services required of him by this section of the statute. In contemplation of law litigants in court pay the fees due the officers for services rendered as the cause progresses, though this is seldom true in practice. While officers are entitled to their fees, when they have rendered the service, we know of no rule which entitles them to demand and collect fees for services not rendered. The appellee was under no obligation to pay the appellant until he had rendered the service required of him by the statute; and in view of the fact that the appellant had declined to accept and approve a good and sufficient appeal bond, when tendered,.

we are of the opinion that the appellee was not bound to wait twenty days, before the commencement of an action, to compel the appellant to perform his official duty.

The complaint states a cause of action against the appellant, and the matters set up by him in answer thereto are, in our opinion, wholly insufficient as a bar.

