Argued and submitted on demurrer to alternative writ December
2, 1942; reargued January 26; demurrer overruled April 6;
demurrer to defendant Dobson's answer sustained
May 18; peremptory writ issued June 11, 1943

# STATE EX REL. SCOTT v. DOBSON ET AL.

(135 P. (2d) 794, 137 P. (2d) 825)

BEFORE BELT, Acting Chief Justice, and ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*W. J. Prendergast, Jr.,* and *David Weinstein,* both of Portland (Leo Levenson, of Portland, on the brief) for petitioner.

*Wilber Henderson,* of Portland (Platt, Henderson, Warner & Cram, of Portland, on the brief) for defendant.

BELT, Acting Chief Justice. The alternative writ alleges the official position of defendant Dobson; that the relator Eueidas K. Scott was and is the owner and holder of a judgment against defendant Platt, in the sum of $3,500, and interest thereon at the rate of $6\frac{1}{4}$ per cent per annum from January 1, 1932, and for $31.00 costs and disbursements duly entered in the circuit court of the state of Oregon for Multnomah county on the 8th day of January, 1942; that execution had been issued thereon and returned unsatisfied in whole or in part; that on or about the 9th day of March, 1942, said relator caused to be filed in said circuit court an affidavit in substance that said relator had said judgment; that execution had been issued thereon; that no part thereof had been paid, collected or secured; and that the said relator believed that said Platt had property liable to execution which he refused to apply toward the satisfaction of said judgment or to disclose its whereabouts to the officers having in their hands the writ of execution.

It is also alleged in said alternative writ that said defendant Dobson, as circuit judge, issued an order directing said Platt to appear before said circuit judge

upon the 16th day of March, 1942, at the hour of 2 o'clock p. m., and then and there answer under oath concerning any property or interest in any property that said Platt might have or claim, and that by said order said Platt was enjoined and restrained from transferring any money, property or shares or stock or securities in his possession or under his control.

The final paragraph of the allegations set forth in said alternative writ is as follows:

"That on Monday, March 16, 1942, at the hour of 9:30 o'clock A. M. on said day, said Honorable Alfred P. Dobson, the respondent herein, as Judge of the Circuit Court of the State of Oregon, for the county of Multnomah, disregarding the rights of the Petitioner herein to pursue the remedies by law provided, directing the appearance of said judgment debtor, Robert Treat Platt, to appear and answer under oath regarding any property or interest in any property he may have in his possession or under his control, peremptorily issued an order recalling, vacating and setting aside said described and mentioned order wherein said Robert Treat Platt, judgment debtor had been ordered to make his appearance, as aforesaid, and did set aside and vacate said order *and has absolutely refused to require the said Robert Treat Platt, Judgment debtor, by an order, to make his personal appearance and answer under oath as by law provided, concerning any property or interest in any property that he may have in his possession or under his control before the said circuit court or judge, or before a referee appointed by such judge or court, the time and place to be specified.*" (Italics ours.)

A demurrer was interposed to the alternative writ on the ground that it did not state facts sufficient to warrant the issuance of the writ. In support of the demurrer, the defendant Dobson contends: (1) That

the order of vacation is appealable and that the relator has a plain, speedy and adequate remedy at law; (2) that mandamus will not lie to control the discretion of a court or judge as to whether an order of examination of a judgment debtor be made; (3) that the court has inherent power to vacate such order during term time.

■ The demurrer admits the truth of the material recitals in the alternative writ, viz., that, in the circuit court for Multnomah county, the relator obtained a judgment against Robert Treat Platt in the sum of $3,500, together with interest thereon; that execution was issued and returned unsatisfied; that no part of the judgment had been paid; that relator believed the judgment debtor had property subject to execution; and, that defendant Dobson has absolutely refused to order an examination of the judgment debtor.

The pertinent parts of the statute regulating proceedings supplementary to execution are: Section 6-1701 O. C. L. A., which provides:

"After the issuing of an execution against property, and upon filing by the plaintiff, or some one on his behalf, of an affidavit stating in general terms that the plaintiff believes that the judgment debtor has property liable to execution which he refuses to apply toward the satisfaction of the judgment, such court or judge may, in its discretion, by an order, require the judgment debtor to appear and answer under oath concerning any property or interest in any property that he may have or claim, before such court or judge, or before a referee appointed by such judge or court, at a time and place specified in the order. * * * * * *";

Section 6-1702 O. C. L. A., in reference to examination of the judgment debtor:

"On the appearance of the judgment debtor, he may be examined on oath concerning his property.

His examination, if required by the plaintiff in the writ, shall be reduced to writing, and filed with the clerk by whom the execution was issued. Either party may examine witnesses in his behalf, and if by such examination it appear that the judgment debtor has any property liable to execution, the court or judge before whom the proceeding takes place, or to whom the report of the referee is made, shall make an order requiring the judgment debtor to apply the same in satisfaction of the judgment, or that such property be levied on, by execution, in the manner and with the effect as provided in this title, or both, as may seem most likely to effect the object of this proceeding."

The order of vacation has been treated in the briefs as amounting to a refusal of the defendant circuit judge to order an examination of the judgment debtor and it will be so considered here.

■ It is fundamental that relator is not entitled to the remedy of mandamus unless he has a clear legal right to the performance of the particular duty sought to be enforced and there is no other plain, speedy, and adequate remedy available to obtain the relief to which he is entitled. It is also well settled that the mere fact that such order of vacation is appealable does not necessarily preclude the issuance of the writ. If mandamus is the more efficient, speedy, and adequate remedy, the court, in the exercise of sound judicial discretion, may grant such relief notwithstanding the right of appeal.

As was said in *State ex rel. Pierce v. Slusher,* 117 Or. 498, 244 P. 540, 58 A. L. R. 114:

"We must concede it to be a fundamental principle that mandamus will not lie where there is a plain, speedy and adequate remedy in the ordinary course of law: Section 613 Or. L. However, such

remedy, to prevent the execution of the writ, must be 'adequate' to afford the relief to which the relator is entitled. Moreover, the writ may issue even where other remedies exist, if they are not sufficiently speedy to prevent material injury: 2 Bailey on Habeas Corpus, 'Mandamus' 830.''

■ In 38 C. J. 561, the same principle is thus stated:

''The mere fact that there is another remedy will not prevent the issuance of the writ of mandamus if the other remedy is not adequate, and where it is doubtful whether or not there is an adequate specific remedy in the ordinary course of law, mandamus will ordinarily issue.''

■ It appears from the record that relator has a clear legal right to the performance by defendant of the particular duty sought to be enforced, viz., the granting of an order of examination. Mandamus is particularly adapted as it affords relator a simple, inexpensive and expeditious method of relief. If an appeal had been taken from the order vacating an order fixing the time of hearing, and this court had reversed it and remanded the cause with directions to re-instate the order, the plaintiff could not obtain complete relief since the time of hearing has long since expired. On appeal this court would not direct the lower court to hear and determine the matter at issue. Mandamus, however, would afford complete and adequate relief. Furthermore, under this record, on appeal the circuit judge would have no opportunity to show any reason for vacation of the order and his refusal to require examination of the debtor. It certainly is not an appropriate remedy from the viewpoint of the defendant court or judge. Neither is appeal an adequate remedy to the judgment creditor.

■ The office of mandamus is to execute—not adjudicate. The writ merely commands a hearing and determination by defendant as to whether the debtor owns property which could be applied in satisfaction of the judgment. The decision of such issue is a judicial function which the writ does not seek to control.

That mandamus has heretofore been considered a particularly appropriate remedy to compel performance of a legal duty by some officer whose duty it was to act, see: *State ex rel. Pierce v. Slusher,* supra; *Riesland v. Bailey,* 146 Or. 574, 31 P. (2d) 183, 92 A. L. R. 1207; *State ex rel. v. Kanzler,* 129 Or. 85, 276 P. 273. As said in 35 Am. Jur., p. 32, § 261:

> "When the court's duty is so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of its performance and only one course is open to it, such duty is ministerial, and as such enforceable by mandamus, in the same manner and to the same extent as ministerial duties of other public officers."

■ The trial court had no judicial discretion to exercise as to whether the order of examination should be made. There was no dispute as to the facts. The judgment creditor's affidavit contained all the averments required by § 6-1701, O. C. L. A. to obtain an order of examination and he was entitled to the same as a matter of law. No judicial discretion could have been involved when there was only one legal deduction that could have been made, viz., that the relator was entitled to inquire as to whether the judgment debtor had property subject to execution. There is nothing in the above sections of the statute concerning proceedings supplementary to execution to indicate that it was the intention of the legislature to vest a judge

or court with authority to arbitrarily or capriciously refuse to grant an order of examination when the judgment creditor has done everything required by the statute to entitle him to such order. Can it be that, on the same state of facts, the court could, in the exercise of its discretion, grant relief to A and deny it to B? We think it was not the intention of the legislature in such proceedings to authorize a court or judge thus to act in an arbitrary or capricious manner.

In 33 C. J. S. 676, it is stated:

"It is generally held that the judge has no discretion to refuse the order where the facts required by the statute are properly shown. He is without the right to insist on additional facts or to impose other or further terms as a condition of its issuance. A second order will not be granted as of course, but only in the sound discretion of the judge on a sufficient showing by affidavit."

The rule is thus stated in 35 Am. Jur. p. 31, § 259:

"The rule denying mandamus with respect to judicial duties of a discretionary character is not without limitation. If the action of the court or judge in a matter calling for the exercise of discretion is such as to amount to an abuse of discretion and to manifest a disregard of duty, thus being without semblance of legal power, and it appears that there is no remedy by appeal or error, or that such remedy, if existing, is entirely inadequate, and the exigency is such as to justify the interposition of the extraordinary superintending power of the higher court, mandamus will issue to compel the specific action which should have been taken. Thus, the lower court or judge may be compelled to act in a particular way when the facts are not in dispute and the court has come to a wrong conclusion of law therefrom, or disregarded a duty expressly enjoined by law under the undisputed facts. It may be said that the question whether

an inferior tribunal has acted within the scope of its authority may generally be determined in mandamus.''

If any discretion was vested in the judge or court with regard to ordering the examination of the debtor and we think there was none—the refusal so to act was an abuse thereof.

■ It was not intended to permit a debtor to be harassed and annoyed by unnecessary or unreasonable examinations: 33 C. J. S. 658. Hence, § 6-1701, O. C. L. A. vested discretion in the "judge or court" to prevent such abuse. There are numerous instances wherein the granting of an order of examination would rest within the sound legal discretion of the court or judge, but none are involved herein and we are concerned only with an issue of law arising from the demurrer to the alternative writ. It may be that the defendant has some good and sufficient reason for the vacation of the order but it does not appear of record and it may be shown by answer. It was not incumbent upon the judgment creditor to show by affidavit that no previous application for examination had been made: 33 C. J. S. 671. Neither was he required to negative any reason that the defendant might have had for refusal to require the examination.

■ We see no merit in the contention that the court had the authority to vacate the order because it was made during term time. While courts have control over their entries during the term and may correct or modify them in the exercise of a sound judicial discretion, the record herein does not present that situation: *Sam Savin, Inc., v. Burdsal,* 61 Ohio App. 539, 22 N. E. (2d) 914. Here, the order was not vacated in the exercise of discretion, but for the purpose of

refusing the relator a remedy to which he was legally entitled.

■ This court, in the exercise of its discretion, assumed original jurisdiction of the cause by issuing an alternative writ. If the petition for such writ had been denied, the relator would then have had ample time in which to appeal. Now that the time for appeal has expired, it ill behooves this court to deny relator relief on a doubtful procedural question.

It is certainly not the intention of the court to cast any aspersions upon the defendant circuit judge or the judgment debtor and we think there is no reasonable ground for such an inference. We are not concerned with the motives of either party. It is also beside the point that the judgment debtor is a lawyer of high professional standing. There is no reason why a court should protect him or any other judgment debtor from disclosing ownership of property which might be applied in satisfaction of a judgment. It ought to be apparent that the sole issue before the court is a question of law presented by the demurrer to the alternative writ.

■ The mere fact that an appeal from the judgment is pending does not deprive a judgment creditor of his right under the statute to examine the judgment debtor, and it is not so contended by defendant. As said in 33 C. J. S. 660:

"The proceedings will not be stayed * * * because an appeal has been taken from the judgment."

The demurrer to the alternative writ is overruled and the defendant Dobson allowed ten days in which to answer if he sees fit to do so. Upon failure to answer, a peremptory writ will issue.

KELLY, J., (dissenting). The writer is unable to concur in the opinion of the majority for the reason that, in his opinion, where a party has a right of appeal, resort may not be had to the extraordinary writ of mandamus; and in the instant case it is conceded that the right of appeal exists.

The prevailing opinion contains the suggestion that in cases of an appeal the trial judge could not indicate in the record any reason for vacating the order in suit, and that by answer to the alternative writ, he will have an opportunity to do so; therefore as to the defendant, the trial judge, appeal is not an appropriate remedy. The prevailing opinion also states that as to the judgment creditor an appeal is not an adequate remedy.

The writer is of the opinion that the trial judge has full power and authority, and that it is his duty to protect his record by making it conform to the truth. The writer also thinks that an appeal from the order in suit is an adequate remedy as to the judgment creditor. If an appeal had been taken, resulting in a reversal of the order of the trial court, the effect thereof, even without the rendition of any written opinion, would have resulted in restoring the pendency of relator's petition for an order requiring the judgment debtor to appear for examination, accompanied by a judgment that such an order had been improperly and unjustifiably vacated. The writer thinks that with such a record confronting him, no trial judge in Oregon would fail to issue an order for the immediate examination of the judgment debtor.

Moreover, in case of a reversal, this court could not be charged with impropriety, irrelevance or prolixity, if the statement should be made in the court's

written opinion that an examination of the judgment debtor should be ordered; for that is only another way of saying that the vacation of such an order constituted reversible error.

In a New York case decided in 1888, the question decided on appeal is in substance the same as the one which the relator herein seeks to have decided in this proceeding in mandamus. *Dorsey v. Cummings,* 55 N. Y. (48 Hun) 76.

The writer thinks that the procedural question, namely, "Does mandamus lie in a case where the relief sought may be obtained by an appeal?" is not doubtful; but, many times has been answered in the negative by this court by the Supreme Court of the United States, and by the overwhelming weight of authority elsewhere. That relator did not prosecute this mandamus proceeding with such diligence as to have it determined before the time for him to appeal had expired, should not, in the opinion of the writer, blind and deafen this court to such a well grounded and generally approved principle of procedural law, as that which has so often compelled a negative answer to the question above set forth.

Where a plain, speedy and adequate remedy by appeal exists, mandamus does not lie. *In re Von Klein,* 67 Or. 298, 135 P. 870; *In re Clark,* 79 Or. 325, 332, 154 P. 748, 155 P. 187, 189; *State ex rel. v. Beveridge,* 112 Or. 19, 23, 228 P. 100; *State ex rel. v. Circuit Court,* 114 Or. 6, 233 P. 563, 234 P. 262; *State ex rel. v. Norton,* 131 Or. 382, 292, 283 P. 12.

"It is well settled that where a party has the right to a writ of error or appeal, resort may not be had to the extraordinary writ of mandamus or prohibition." In re Tiffany, 252 U. S. 32, 64 L. Ed. 443, 40 Sup. Ct. Rep. 239, citing In re Harding,

219 U. S. 363, 31 Sup. Ct. Rep. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392; Ex parte Oklahoma, 220 U. S. 191, 31 Sup. Ct. 426, 55 L. Ed. 431.

"The accustomed office of a writ of mandamus, when directed to a judicial officer, is to compel an exercise of existing jurisdiction, but not to control his decision. It does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or an appeal." *Ex parte Roe*, 234 U. S. 70, 58 L. Ed. 1217, 34 S. Ct. 722, citing many authorities.

In support of relator's position that mandamus will lie where the remedy at law is inadequate and entails much delay, relator cites the case of *State ex rel. Pierce v. Slusher*, 117 Or. 498, 244 P. 540, 58 A. L. R. 114. That case was instituted to compel the sheriff in his capacity as tax collector to proceed to collect the public revenue. An action upon his official bond might have been maintained. It is there held that the right to compel a tax collector to proceed to collect the public revenue rests upon the public requirement for a certain and speedy remedy and that an action against defendant upon his bond would not meet the need of the commonwealth for revenue. In the case at bar, relief, if any, would be the same on appeal as that which is here sought in mandamus.

In *Riesland v. Bailey*, 146 Or. 574, 31 P. 2d 183, 92 A. L. R. 1207, it is held that mandamus is the appropriate remedy to compel the clerk to approve an undertaking on appeal. The question of the existence of a right of appeal from the refusal of the clerk to approve such bond is not suggested. In the *Riesland-Bailey* case, *Lyders v. Superior Court*, 129 Cal. App. 635, 19 P. 2d 300; *Gotthelf v. Fickett*, 37 Ariz. 322, 413, 294 P. 837,

and *Coates v. State,* 133 Ind. 36, 32 N. E. 737, are cited. In *Lyders v. Superior Court,* supra, it is held that the ruling under attack was not an appealable order. That ruling consisted of the trial court refusing to approve an undertaking theretofore tendered as a stay bond on appeal. Neither in the case of *Gotthelf v. Fickett,* supra, nor in the case of *Coates v. State,* supra, is the question presented as to whether or not the order under attack was appealable.

In relator's brief, it is conceded that a remedy by appeal from the order under attack is possible, but it is argued that an appeal under the circumstances would not be a speedy or adequate remedy. In that connection, it is there said that the delay incidental to the ordinary appeal from such an order would and does permit the judgment debtor to squander his assets. The record in the case at bar discloses that the issuance of an alternative writ herein was ordered on the 3rd day of April, 1942. It is obvious that during the time which has elapsed since then an appeal could have been perfected, put at issue and presented to the court.

It is said by relator that, by the time the appeal was perfected, the judgment debtor could leave for parts unknown. The remedy here invoked, namely, mandamus, has afforded the judgment debtor the same opportunity.

It was orally argued by relator that by requiring relator to invoke the right of appeal instead of seeking redress by mandamus, we accord to the judgment debtor the opportunity to maintain the status quo during the pendency of his appeal from the judgment in the principal case without being required to file a supersedeas bond. This mandamus proceeding has had the same effect.

To the writer, it is plain that to employ the extraordinary writ of mandamus in determining the issue here presented is to supersede the legal remedy of appeal thereby without affording relator any more adequate or speedy relief.

The writer thinks, that in issuing the alternative writ, the court did not make the selection as to which remedy the relator chose to invoke. That selection was made by the relator when he presented a petition for the issuance of an alternative writ. By issuing such writ, this court merely consented to hear the parties with reference to all questions pertinent to the issue thereafter to be joined including the question of the propriety of the remedy thus invoked by the relator.

The prevailing opinion attributes to the trial court a motive for making the order of vacation which, in the opinion of the writer, is not reflected by the record. On the contrary, applying the presumption that official duty has been regularly performed, we must conclude that the order of vacation was entered in the exercise of discretion and not for the purpose of refusing to accord to the relator a right to which he was legally entitled. In mandamus, as in other cases, probative facts must be alleged and modifying words, unsupported by allegations of fact, are mere surplusage.

There is authority to the effect that in an application for an order requiring a judgment debtor to appear for examination, it is not necessary to allege that no previous application for such an order has been made; but it has been held that in an application for an alternative writ of mandamus the applicant must negative any facts which under the statute or ordinance relied upon by him might defeat his right to maintain the action. Vol. 13, Ency. of Plead. & Pract., p. 679. There,

the Ohio case of *State ex rel. v. Bickham,* 4 Ohio Cir. Ct. Rep. 246, is cited. The writer ventures to quote from the opinion in that case:

"* * * a majority of the court are of the opinion that the peremptory writ should not issue for the further reason, that the writ will not be granted unless the petition alleges facts sufficient to show that the officer against whom the writ is prayed, has omitted a manifest duty. It must contain not only the affirmative allegations of proceedings necessary to entitle the party to the process prayed for, but it must also be averred that other facts which would justify the omission complained of, do not exist. 25 Me. 333; Moses on Man. 19. The facts which go to constitute the duty, the omission is without excuse, that the relator is clearly entitled to do [due] performance, that he will be prejudiced by its nonperformance, and that he has no other adequate remedy, must be plead distinctly and issuably; High on Man. secs. 10, 12, 536, 537; 7 East 345; 12 Ill. 254; 9 Neb. 92; 22 Ohio St. 371; 15 Barb. 607." *State ex rel v. Bickham,* supra.

The statute provides that though the writ of mandamus may require a court, officer or person to exercise its or his judgment, it shall not control judicial discretion. Section 11-302, O. C. L. A., Vol 2, p. 330.

To meet this basic limitation upon the function of such writ, the relator argues that there was an abuse of judicial discretion in the instant proceeding.

Applying to the alternative writ in suit the rule that the petitioner for writ of mandamus must negative any facts which would defeat his right to maintain the action by alleging probative facts instead of merely employing modifying terms, we find nothing therein which prevents the natural assumption that after entertain-

ing the petition and granting an order requiring the judgment debtor to appear for examination, the defendant, Judge Dobson, advised himself of the state of the record resulting in the judgment which was the basis for the supplemental proceeding. There is no probative fact in the alternative writ which challenges or disputes the presumption that Judge Dobson formed the opinion from the state of the record that said judgment was voidable. From the record, he became aware that an appeal had been taken therefrom. Moreover, it cannot be assumed that the judgment debtor is not a man of probity. His standing before the courts attests his integrity.

No one, whether of high professional and personal standing or not, should be subjected to examination in a proceeding supplemental to an execution upon a voidable judgment while an appeal is pending therefrom.

It is entirely beside the point that in the opinion of the trial court, which entered the judgment, or even in the opinion of this court, Judge Dobson was mistaken. It is obvious to the writer that he exercised his judicial discretion in good faith prompted only by his conception of duty and supported by many years of legal study, training and attainment. In putting an end to the proceeding supplemental to execution, that he failed to distinguish between a provision in the writing which constitutes the judgment creditor's evidence of his chose in action in the principal case as one restricting the procedure against the security and a provision limiting and restricting the remedy where the security is waived and is not to be taken into consideration, does not in the least justify the conclusion that he was guilty of an abuse of discretion.

The writer and nearly every one else, who has served in a judicial position for an extended interval, have mistakenly adjudicated the rights of litigants; but, certainly, mandamus ought not to be held the approved procedure by which such adjudications should be corrected.

For these reasons, with due respect for the majority with whom he differs, the writer dissents. In his opinion, the demurrer to the alternative writ should be sustained and the proceeding dismissed.

---

ROSSMAN, J., (dissenting). The fact is that the circuit court, through the medium of Judge Dobson, acted upon the relator's motion for an order requiring Platt, the judgment debtor, to undergo an examination concerning his ability to discharge the relator's judgment. The motion was allowed and an order was entered which required the debtor to undergo examination. Later, for some reason which the record does not disclose, a new order was entered which vacated the one just mentioned. The later order was entered March 16, 1942. It is that order with which this proceeding is concerned. Although the majority hold that an appeal could have been taken from that order, yet for all other purposes they virtually ignore it.

It must be apparent that the present proceeding is an attack upon the order of March 16, which held that the judgment creditor was not entitled to examine Platt concerning his ability to satisfy the debt. If that order is entitled to respect—and I am sure that it is—this proceeding cannot succeed; in fact, this proceeding cannot succeed unless the order of March 16 is void.

*Schmid v. City of Portland,* 83 Or. 583, 163 P. 1159, like the proceeding now before us, was based upon a petition filed in this court seeking the issuance of a peremptory writ of mandamus. The decision was written by Mr. Justice HARRIS. Speaking for the entire court, he said:

"The attack now being made by the city is a collateral assault on the judgment rendered in the Circuit Court: 23 Cyc. 1064, 1346; 15 R. C. L., p. 874, * * * ."

I pause to direct attention to the fact that the words just quoted hold that an attack upon a judgment, made in the course of mandamus proceedings, is deemed a collateral one. Recent texts which support the Schmid holding are: Freeman on Judgments, 5th ed., §§ 311 and 399; Black on Judgments, 2d ed., § 985d; 34 Am. Jur., Mandamus, p. 951, § 177; 31 Am. Jur. Judgments, p. 207, § 617; and 34 C. J., Judgments, p. 522, § 828, and p. 523, § 829.

It is apparent from the above that the present mandamus proceeding is a collateral attack upon Judge Dobson's order of March 16.

After Mr. Justice HARRIS had made the statement just quoted, he continued:

"A judgment which is void on its face may be collaterally attacked; but a party to a judgment cannot collaterally impeach it for errors of law or irregularities in practice which do no more than to render it merely erroneous or voidable."

At that point Mr. Justice HARRIS cited a wealth of authority supporting his statement. He then continued

by quoting from Black on Judgments, 2d ed., § 246, as follows:

> "If the judgment is void on its face it is of course a mere nullity and of no avail for any purpose, and this may be urged against it whenever it is brought in question. But otherwise, whether it be regular or irregular, correct or erroneous, valid or voidable, it is not subject to collateral attack."

Later paragraphs of the decision applied those principles to the controversy before the court; from these the following is taken:

> "If the judgment is merely voidable then the collateral attack now made by the city must fail. The court had jurisdiction of the parties and of the subject matter."

The decision held that the judgment was impervious to the city's collateral attack upon it.

As already said, the present is a collateral attack upon the order of March 16, 1942. That order certainly is not void upon its face. The only averment made by the relator which is intended to impeach the order states that Judge Dobson acted "peremptorily" when he entered it. Whatever that word may mean, it certainly does not show that the attacked order is void.

The majority seem to believe that, since the record which the judgment creditor brought before this court fails to disclose why Judge Dobson entered his order of March 16, we are compelled to believe that he acted arbitrarily; that is, without warrant or reason. Before going on, let us remind ourselves that § 2-407, O.C.L.A., imposes upon all courts the duty to presume, in the absence of contravening circumstances,

> "(15) That official duty has been regularly performed;

"(16) That a court, or judge acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction;

"(17) That a judicial record, when not conclusive, does still correctly determine or set forth the rights of the parties;"

There is nothing before us to show that those presumptions are not warranted in the present instance; to the contrary, the record demands that they be drawn. Certainly, a party who desires to set at naught a judgment ought at least to allege facts which negative supporting presumptions. The only step taken in that direction by the judgment creditor is the one which we have already quoted; that is, her averment that Judge Dobson acted "peremptorily" when he entered the order of March 16. But the word "peremptorily" is nothing more than the expression of a conclusion of law. There is no averment that when Judge Dobson entered the order under attack there was before him only the motion for Platt's examination and the supporting affidavit. So far as the record before us is concerned, other documents and facts may have been before Judge Dobson which left him no alternative except to enter the order of March 16. A litigant who desires to impeach a judgment cannot throw upon the judgment creditor the burden of alleging facts which support the judgment. To the contrary, he must himself set forth all of the impeaching circumstances. This, the judgment creditor, being the relator in this mandamus proceeding, has not done. Because it has not been done, the impeachment must fail and the demurrer to the petition ought to be sustained

I dissent.

On Demurrer to Answer

(137 P. (2d) 825)

BELT, J. In the original opinion in this mandamus proceeding—*State ex. rel. Scott v. Dobson*—a demurrer to the alternative writ was overruled and the defendant circuit judge was permitted to file an answer showing whether he had "some good and sufficient reason for the vacating of the order" directing the examination of the judgment debtor, Robert Treat Platt.

The answer has been filed and the demurrer thereto presents the question as to whether there is any legal justification for refusing to order the examination. In the answer it is admitted that the judgment referred to in the writ was obtained against Mr. Platt and that execution had been issued and returned unsatisfied in whole or in part.

As an affirmative answer, the defendant alleges:

I.

"That immediately prior to the 9th day of March, 1942, in that certain action wherein Eueidas K. Scott is plaintiff, and Robert Treat Platt and Harrison G. Platt are defendants, Clerk's Registry No. 140-942 in the Circuit Court of the State of Oregon for the county of Multnomah, the plaintiff caused to be issued and served upon the United States National Corporation and The United States National Bank of Portland (Oregon), writs of execution and notices of garnishment wherein and whereby the property, if any, belonging to the defendant, Robert Treat Platt and in possession of said garnishees was subject to garnishment; that thereafter and before the 9th day of March, 1942 said garnishees filed their respective returns on said notices of garnishment.

## II.

"That on the 9th day of March, 1942 the plaintiff in the action referred to in the preceding paragraph caused a writ of execution and notice of garnishment to be served upon the various members of Platt, Henderson, Warner & Cram, a copartnership, whereby the plaintiff in said action sought to levy upon property, if any, belonging to said Robert Treat Platt in the possession of said copartnership.

## III.

That on the 9th day of March, 1942 plaintiff in the action referred to in paragraph I hereof, through his counsel moved the court presided over by the defendant, for an order requiring the appearance of Robert Treat Platt for examination supplemental to execution; that at said time defendant herein was not informed of the garnishment proceedings or of the nature of the judgment and signed an order directing said Robert Treat Platt to appear and be examined on the 16th day of March, 1942 at the hour of two o'clock in the afternoon of said day.

## IV.

"That thereafter and on the 11th day of March, 1942 Robert Treat Platt filed a motion to vacate the order referred to in the preceding paragraph; that the basis of said motion was that the judgment was predicated upon an action for four bonds totalling $3500.00 and that such bonds were part of an aggregate issue of $175,000.00 of which there were then outstanding approximately $143,800.00 and that the said Robert Treat Platt had appealed from said judgment in good faith and it was further set out in said motion that the trust deed or mortgage supporting said bond read in part as follows:
'No holder *of any bond* or coupon secured hereby shall have the right to institute any suit, *action* or proceeding either *at law* or in equity for the foreclosure of this instrument, or for

the execution of any trust or power hereunder, or for the appointment of a receiver to take possession of the properties embraced hereby, or for any other remedy whatsoever, unless  *  *  *,

## V.

"That thereafter and on the 16th day of March, 1942 at the hour of 9:30 o'clock A. M. the aforesaid motion came on for hearing; that during the argument on the motion it developed that in addition to the reasons given in the foregoing motion as filed, the notice of garnishments heretofore referred to and the returns thereof had been made and it further appeared that plaintiff in the aforesaid action had caused subpoenas duces tecum to be served upon Paul S. Dick, President of The United States National Bank of Portland (Oregon) and Caroline Buckingham, Wilber Henderson, Harold J. Warner, and Edward T. Cram, requiring each of said parties to appear with certain books, papers and documents at the hour of two o'clock in the afternoon of March 16, 1942 or at the time fixed for the hearing on the supplemental orders aforesaid; it further appeared that this device was resorted to in lieu of the statutory proceeding for examining into the returns of garnishees by allegations and interrogatories.

## VI.

"That upon the hearing of said motion defendant assumed that a court in term time had the same authority to vacate an order that it would have had to make it originally; that Sec. 6-1701 O. C. L. A. provides that upon the application for an order supplemental to execution the court or judge may in its discretion require the judgment debtor to appear and answer under oath concerning any property or interest in any property he may have; that at that time defendant assumed that the Legislature had full power to fix

the conditions upon which any statutory order might be made of the same force and dignity as the provision for the order itself and since said statutory provision specifically reposes in the judge the discretion to issue or withhold said order and not at any time considering that the issuance of such order was a matter of right in the plaintiff but a right subject at all times to the discretion of the court, and it appearing to the court that the plaintiff in said action by the order and subpoena duces tecum which he had caused to be served upon the garnishees named, resorted to such procedure to avoid taking the statutory proceedings provided for litigants dissatisfied with returns on garnishments, that is by allegations and interrogatories, and otherwise believing the original order was improvidently and improperly issued under the circumstances, and further believing that there was reasonable doubt as to the validity of the judgment in said action, and acting solely upon the statutory authority and the discretion vested in the court by Sec. 6-1701 O. C. L. A. and not otherwise, defendant vacated the order of March 9th whereby Robert Treat Platt had been directed to appear on the 16th day of March, 1942 for examination supplemental to execution.''

It is observed from the above answer that defendant seeks to justify the vacation of the order principally upon the ground that, at the time of ordering the examination of the judgment debtor, he was ''not informed of the garnishment proceedings or the nature of the judgment.'' There is no direct and specific averment as to the return of the garnishees, but we think it is a fair inference from the pleading that the returns were not satisfactory and that plaintiff, instead of following the statutory procedure of ''allegation and interrogatories'' in reference to the returns of garnishees, resorted to the ''device'' of proceedings

supplementary to execution. If, in fact, the return had been satisfactory, i. e., there was sufficient property of the debtor in possession of the garnishees to satisfy the judgment, there would be no necessity to vex or annoy the judgment debtor by requiring him to submit to examination. If the garnishees had admitted having property in their possession belonging to the judgment debtor sufficient to satisfy the judgment, there would be no occasion for this lawsuit. However, the pleading does not present such situation for it affirmatively appears therefrom that the garnishment proceedings were an inadequate remedy. It is a case wherein the defendant says that inquiry concerning the ownership of any property of the judgment debtor should be directed to third persons and not to the person against whom the judgment has been obtained. That the returns show no funds or property of the judgment debtor in the hands of the garnishees certainly does not preclude the judgment creditor from inquiring of the debtor himself about his ownership of property. The circuit judge has no legal discretion to say to the judgment creditor—where there has been no abuse of process—"You must direct your inquiry to third persons, but not to the person who owes the debt."

The allegations in reference to the bond issue which was the basis of a judgment against the defendant Platt are not material in this proceeding. The purpose of supplementary proceedings to execution is to ascertain whether the judgment debtor owns property which can be applied in satisfaction of the judgment. It is not to test the validity of the judgment. In such proceedings the issues in the original action are not a proper subject of inquiry. As said in Fiero on Par-

ticular Actions and Proceedings (4th Ed.) Article
VI (E), p. 3296:

> "* * * The regularity of the judgment can-
> not be questioned in these proceedings. Nor can
> the validity of the execution be questioned. If the
> execution is voidable, the question must be raised
> in a direct proceeding for that purpose. * * *"

Also, to the same effect, see 21 Am. Jur. 320, Execu-
tions § 674; Wait's Manual of Supplementary Pro-
ceedings and Garnishee Executions, Article III, § 1,
p. 310. There is no contention here that the judgment
is void for lack of jurisdiction.

■ Neither is it any ground for vacation of the
order that an appeal to this court was pending from the
judgment: 33 C. J. S. 681, Executions § 368. Suffice
it to say it was a valid judgment (see *Scott v. Platt,*
supra, upon which execution could and did issue. There-
fore, supplementary proceedings were in order.

The law applicable to the other grounds for vaca-
tion referred to in the answer is discussed in the
original opinion on demurrer to the alternative writ.
We see no need of repetition.

■ Summarizing, we have before us a case wherein
it is admitted that a judgment has been obtained against
Robert Treat Platt and that execution has been issued
and returned unsatisfied. There is no showing of any
abuse of process. The judgment debtor has not been
annoyed or harassed by unnecessary or frequent
examinations. The judgment upon which execution
was issued is valid. The returns in the garnishment
proceedings were unsatisfactory and afforded no
adequate remedy to the judgment creditor. The plead-
ings show a compliance by the judgment creditor with
the statutory provisions relative to supplementary

proceedings. The answer fails to disclose any legal justification for the vacation of the order requiring examination of the judgment debtor. We think the plaintiff was entitled as a matter of law to the relief sought and that no exercise of legal discretion was involved in the vacation of the order.

It follows that the demurrer to the answer is sustained and peremptory writ will issue.

KELLY, J., dissents.