Argued February 7, affirmed April 24, 1968

PORTLAND MEADOWS, INC. ET AL, *Respondents, v.* MULTNOMAH COUNTY
ET AL, *Appellants.*

439 P. 2d 1017

*Willis A. West,* Chief Civil Deputy District Attorney, Portland, argued the cause for appellants. With him on the brief was George Van Hoomissen, District Attorney, Portland.

*Otto R. Skopil, Jr.,* Salem, argued the cause for respondents. With him on the brief were Bruce W. Williams, and Williams, Skopil, Miller & Beck, Salem.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

Multnomah County appeals from a peremptory writ of mandamus compelling it to pay a judgment for an attorney's fee that had been awarded plaintiff in a condemnation proceeding. The jury award in the condemnation case was much in excess of the county's prior offer for the property involved. The county elected, after a judgment had been entered on the jury verdict, not to take the property. The county then refused to pay the judgment for the attorney's fee. In order to explain the issues presented by the appeal it is necessary to mention some of the pleadings and orders that preceded the granting of the writ.

Subsequent to the judgment plaintiff filed a motion for a supplementary judgment compelling the payment of the attorney's fee. While that motion was still pending plaintiff also filed this mandamus proceeding and the trial court entered an alternative writ. In response to the alternative writ, defendant filed a

plea in abatement. The plea in abatement alleged that the motion for a supplementary judgment had been filed and asked that the writ be abated pending decision on the motion for a supplementary judgment. We read the theory of the plea in abatement to be that the determination of the court on the motion for a supplemental judgment would have been conclusive in the case and would be *res judicata* to the alternative writ. Thereafter, a stipulation was filed in which the parties agreed that the plea in abatement be denied. An order was entered denying the plea.

■ The court also denied the motion for supplementary judgment. We assume that the court denied the motion for a supplementary judgment for the reason that such a judgment would have been surplusage and unnecessary. A judgment was already in existence. For the same reason we are convinced that the order denying the motion was not *res judicata* in respect to the alternative writ.

■ Defendant argues that the peremptory writ should have been denied because the condemnation judgment was conditional upon the election by the county to take the property and pay the amount awarded by the jury before the condemnation judgment would be final and, therefore, the judgment for the attorney's fee was not final. The judgment of condemnation was, as such, conditional. However, the language of the judgment for an attorney's fee was an award of a final judgment. It was not conditional on the county electing to take the property. If the county had wanted to challenge the judgment for the attorney's fee, it should have appealed from that judgment. *Multnomah County v. Burbank,* 1963, 235 Or 616, 386 P2d 444.

■ Defendant also claims that the judgment was not

final because the clerk did not tax the attorney's fee as a part of the costs. The failure of the clerk to perform his duty would not impair the existence of the judgment.

By virtue of the pleadings and stipulations filed in the case we are confronted, as was the trial court, with an unappealed, unsatisfied judgment against Multnomah county for the attorney's fee. On this state of the record plaintiff has a "* * * clear legal right to the performance of the particular duty sought to be enforced * * *." *United States of America v. Cohn,* 1954, 201 Or 680, 684, 272 P2d 982, 984; *State ex rel Dobson,* 1943, 171 Or 492, 135 P2d 794, 137 P2d 825.

The judgment is affirmed.