SAM SAVIN, INC v BURSDAL

Ohio Appeals, 1st Dist, Hamilton Co

No 5581. Decided March 6, 1939

Pogue, Hoffheimer & Pogue, Cincinnati, for appellant.

John C. Hermann, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law from an order setting aside an order appointing a receiver and granting an injunction in a proceeding after judgment in aid of execution.

At the outset we are presented with a motion to dismiss the appeal, on the ground that the court has no jurisdiction to review the order.

The motion is overruled. We are of the opinion that this order answers the definition of a judgment, as that term is used in **Art. IV, Sec.** 6 of the **Constitution,** conferring jurisdiction upon this court. It is an order affecting a substantial right in a special proceeding after judgment and was reviewable on error under §12223-2, **GC,** at the time this court was created and

its jurisdiction fixed by the Constitution. R. R. v Sloan, 31 Oh St 1; Investment Co. v Haas, 110 Oh St 188; McCune v Warndorf, et, 55 Oh Ap 279. It is reviewable now under the Constitutional description of "judgment".

We come then to the merits of the appeal.

(1) The record shows that the examination of the judgment debtor took place before Judge Dempsey and at the close of the hearing, the plaintiff moved for the appointment of a receiver and an injunction. This motion was granted by written announcement. The judicial function was, therefore, fully performed. Rubber Co v Realty Co. 109 Oh St 291; 1 Freeman on Judgments (3rd ed.) 75. Before it was placed on the journal of the court, Judge Dempsey's term of office expired. Under such circumstances, when he journal entry was presented to another judge, he, very properly, ordered the entry made journalizing the order previously made by Judge Dempsey.

Upon the making of this order, substantial rights accrued to the plaintiff. The property was placed in custodia legis and the defendant precluded from encumbering or disposing of it. It was held subject to the rights of the plaintiff and others having lawful interests in it. Any order that had the effect of releasing the processes of the law upon it would affect a substantial right of the plaintiff. The order setting it aside was, therefore, an order affecting a substantial right.

The vacating order seems to have been made under the mistaken belief that the original order should not have been made because the judge ordering it made was other than the one who had rendered the decision which it memorialized. No other ground appears, and as that ground was insufficient the court erred in setting the order aside.

(2) The fact that this took place at the same term of court does not affect the question. While courts have control over their entries during the term and may correct or vacate them in the exercise of a sound judicial discretion, the record does not present that situation. The order was not vacated in the exercise of discretion, but because of a mistake as to the law. Union Tool Co. v Wilson, 259 U. S. 107. The error of law can be corrected and still leave the discretion of the court untouched.

(3) The proceedings here under review are a part of the process provided by the law for the enforcement of judgments. They are in aid of execution and cannot be withheld at will any more than the writ of execution itself. Having obtained the judgment of the court declaring his right, he is entitled, at his pleasure, to the processes of the law to make effective the declared right.

The statutes provide the circumstances under which and the method by which a stay may be obtained; and, perhaps, a court has power er in the absence of a statutory authorization to grant a stay for a limited period, but all the cases hold that some sound reason must exist for withholding from a judgment creditor even temporarily the aid of the state in the enforcement of his judgment. In Eaton v Cleveland, St. L. & K. C. Ry. Co., 41 Fed. 421, the court said:

"While the power to temporarily stay execution on its judgments resides in every court, it must be conceded that it is a power that ought to be cautiously exercised, and only in those cases where it seems necessary to promote the ends of justice. In other words, it ought not to be arbitrarily used, nor should an execution be withheld merely because it is inconvenient for a judgment debtor to pay his debts."

In Livermore v Hodgkins, et, 54 Cal. 637, the court held as stated in the syllabus:

"The District Judge made an ex parte order, without notice, recalling an execution; and afterward, without notice,

made a further order, reciting that one of the defendants had commenced an action to vacate the judgment, and directing a stay of execution until that action be determined, or until further order. HELD, that the Judge had no authority to make the orders; and the orders reversed accordingly."

And at page 638, the Court said:

"Plaintiff having obtained his judgment, is entitled to enforce it, unless it be set aside or modified in due course of law."

See also: Vermont Marble Co. v Superior Court, 99 Cal. 579; First National Bank v Smith, 102 Oh St 120; 14 Am. Jur. 279.

For these reasons, the order appealed from is reversed and the cause remanded for further proceedings according to law, with instructions to give full effect to the judgment erroneously set aside.

HAMILTON, PJ, and ROSS, J, concur.