HOERNER, APPELLEE, *v.* WOODS, APPELLANT.

(No. 2465—Decided June 10, 1958.)

*Messrs. Kusworm & Kusworm* and *Mr. Joseph B. Gedanic,* for appellee.

*Mr. Maurice R. Katz,* for appellant.

CRAWFORD, J. Plaintiff, appellee herein, moves to dismiss this appeal on questions of law and fact, taken from the Municipal Court of the city of Dayton, claiming that the appeal was not timely and that no appeal bond has been filed.

Plaintiff's petition and defendant's cross-petition both seek property damages allegedly arising out of a traffic accident.

Pursuant to motion by the defendant the Municipal Court made separate findings of fact and conclusions of law which were filed on January 17, 1958. Among the conclusions of law appears this language:

"And the court hereby renders judgment in favor of the plaintiff and against the defendant, Willie Woods, in the amount of $853, plus interest at the rate of 6% per annum until paid, plus costs herein on the petition of the plaintiff."

Also, finding that the cross-petition was without merit, the court continued:

"And it is hereby dismissed with prejudice to a new action at the cost of the defendant."

On February 7, the following entry was filed:

"The plaintiff having recovered *judgment* herein on January 17, 1958, and the defendant having failed to file a motion for a new trial or a notice of appeal herein within rule, it is hereby ordered that the funds in the hands of the clerk of this court received by said clerk from the Ohio Bureau of Financial Responsibility shall be paid to the plaintiff in partial satisfaction of his *judgment* herein." (Emphasis added.)

On motion of defendant the Municipal Court, by entry filed March 4, 1958, struck from the files both the entry of February 7 and the language first above quoted "from the findings of law filed herein on January 17, 1958."

On March 4, also by separate entry, judgment was entered in regular form for the plaintiff upon the petition, and the cross-petition was dismissed. On the same date, March 4, defendant filed a motion for a new trial.

On March 19, defendant's motion for new trial was overruled, and defendant immediately, on the same day, filed his notice of appeal to this court on questions of law and fact: and bond was set by the Municipal Court in the amount of $1,000.

Section 1901.29, Revised Code, reads as follows:

"There is no term in Municipal Court, but for the purpose of computing time, 90 days following judgment shall be considered within term and time thereafter shall be considered after term."

Hence, on March 4, 1958, the Municipal Court was to all intents and purposes acting within term and still had control over its judgments. Therefore, on March 4 it still had power to vacate its "judgment" of January 17 and its entry of February 7.

Inasmuch as the Municipal Court Act contains no provision for filing motions for judgment or for new trial, Sections 2323.18, 2323.181 and 2323.19, Revised Code, pertaining to such procedure in Courts of Common Pleas, must be held to apply. Section 1901.21, Revised Code.

Hence, the time for filing notice of appeal did not begin to run in this case until the entry of the order overruling the motion for new trial, i. e., on March 19 (Section 2505.07, Revised Code), so that the notice of appeal filed on that same day, March 19, was within time.

This cause is not appealable on questions of law and fact (Section 2501.02, Revised Code) and must, therefore, be reduced to an appeal on questions of law in accordance with our Rule V, D. Therefore, no appeal bond is required.

A bill of exceptions having already been filed, the same must be refiled as of the date of the entry reducing the appeal, and assignments of error and briefs filed within the time prescribed by our Rule VII, A (2).

The motion to dismiss the appeal is overruled. However, the appeal is reduced to one on questions of law, subject to the requirements stated above.

*Judgment accordingly.*

HORNBECK, P. J., and YOUNGER, J., concur.

YOUNGER, J., of the Third Appellate District, sitting by designation in the Second Appellate District.