RIDLEY, APPELLEE, *v.* BUREAU OF MOTOR VEHICLES, APPELLANT. █

[Cite as Ridley v. Bur. of Motor Vehicles
(1976), 50 Ohio App. 2d 175.]

(No. 35135—Decided October 21, 1976.)

*Ms. Edith Benson,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Rodney B. Teague,* for appellant.

STILLMAN, J. On August 29, 1974, a judgment in the amount of $125 was rendered against the appellee, Harold Ridley, by the Municipal Court of the City of Cleveland as the result of an automobile accident. The appellee had no liability insurance at the time of the accident or of the judgment. A condition in the journal entry permitted the appellee to pay the judgment in installments at the rate of $25 per month commencing on September 13, 1974. On September 26, 1974, after the appellee had failed to pay the first installment, the Municipal Court of Cleveland journalized an order vacating the entry of August 29, 1974, and ordering judgment against the appellee for $125 and costs, without additional time for making payment.

On or about October 10, 1974, a certified copy of the unsatisfied judgment was forwarded to appellant, Ohio Bureau of Motor Vehicles. Sometime thereafter, appellant mailed an order dated October 28, 1974, to appellee, officially certifying the existence of an unsatisfied judgment against him, and notifying him that he had become subject to the provisions of the Ohio Financial Responsibility Law, R. C. 4509.01 to 4509.99, inclusive. These statutes provide for the suspension of a driver's operating license whenever he is uninsured and fails to satisfy a judgment rendered against him within thirty days. Reinstatement is conditioned upon payment of the judgment, stay of the judgment, or discharge in bankruptcy, together with proof of financial responsibility, in accordance with R. C. 4509.45.

The procedure on appeal is governed by R. C. 119.12 which provides that notice of appeal must be filed with the Bureau of Motor Vehicles within 15 days after the Bureau's notice is mailed. A copy of the notice of appeal must also be filed with the appropriate Court of Common Pleas within the same 15-day period.

The effective date of suspension of the appellee's driving privilege was listed as November 11, 1974. He filed a notice of appeal with both the appellant and the Court of Common Pleas of Cuyahoga County on November 12, 1974. Nearly six months later, on May 9, 1975, the Municipal Court of Cleveland entered an order indicating an agreement by the parties to the vacation of the order of Au-

gust 29, 1974, and the dismissal of the original complaint, at defendant's costs.

Upon a hearing on July 8, 1975, the Court of Common Pleas vacated the order of suspension of appellee's driving privileges. From this ruling, the Bureau of Motor Vehicles has appealed, listing two assignments of error.

The assignments of error state:

"I. The Appellee failed to file a timely notice of appeal with the Bureau of Motor Vehicles as required by Section 119.12, Revised Code, and the Common Pleas Court had no jurisdiction to vacate the Bureau's suspension of the Appellee's operator's license and registration and that Court's order is void.

"II. The Court erred when it found that since the judgment certified to the Registrar had been vacated after Appellee's suspension due to payment thereof, that the Registrar could not require proof of financial responsibility pursuant to Section 4509.40, Revised Code."

We shall treat these assignments of error in order.

It is alleged by appellant that the Registrar of the Bureau of Motor Vehicles mailed its notice of suspension to the appellee on October 28, 1974. Appellant contends that since appellee filed his notice of appeal with the Bureau on November 15, 1974, 18 days after the order of suspension was "mailed," it was not timely filed pursuant to R. C. 119.12. Compliance with the requirements of R. C. 119.-12 is a mandatory prerequisite to invoke the jurisdiction of a Court of Common Pleas. *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123; *Jennings* v. *Curry*, No. 32432, Eighth Appellate District, decided June 28, 1973.

The record before the Court of Appeals indicates no probative showing of the date of the mailing of the order of suspension. Although the order is dated "October 28, 1974," this court would have to engage in speculation in order to determine that October 28 was the date it was mailed. This, the Court cannot do. *King* v. *Garnes* (1973), 36 Ohio St. 2d 187; *Wycuff* v. *Fotomat* (1974), 38 Ohio St. 2d 196. Because the record is deficient as to the first assignment of error, it must fail.

178

In the second assignment of error, it is charged that the Court of Common. Pleas erred in finding that because the judgment certified to the appellant had been vacated, the Bureau of Motor Vehicles could not thereafter require proof of financial responsibility pursuant to R. C. 4509.40.

This Court finds the second assignment of error by the appellant valid for the following reasons.

The timetable in this case indicates that the appellee failed to make payment of the judgment against him at the originally prescribed time. This judgment was dated August 29, 1974. A certified copy of this unsatisfied judgment was forwarded to the appellant on or about October 10, 1974. It was not until May 9, 1975, that the parties indicated a satisfaction of the original complaint. The intermediate action taken by the Municipal Court of Cleveland, on or about September 26, 1974, due to the appellee's failure to comply with the original journal entry requiring payments to commence on September 13, 1974, was merely a modification of the first entry. The modification was made on behalf of the original plaintiff, but was not designed to abrogate the effectiveness of that earlier award.

The provisions of the Driver's Suspension Act and the Financial Responsibility Law of Ohio were triggered by the judgment rendered on August 29, 1974. The effort by the Municipal Court on May 9, 1975, to vacate its judgment was not in conformity with the provisions of R. C. 1901.29 limiting a Municipal Court to a 90-day period for control of its judgments. *Hoerner* v. *Wood* (1958), 108 Ohio App. 86. The provision of Civ. R. 60(B) requires that a final judgment may be reviewed in a series of situations upon motion as prescribed in the rules. No such motion appears to have been offered in the instant case.

For these reasons, it is the order of this Court that the judgment of the Court of Common Pleas be reversed and the appellee be required to provide proof of financial responsibility pursuant to R. C. 4509.45.

*Judgment reversed.*

Day, P. J., and Parrino, J., concur.