TOLEDO EDISON COMPANY, APPELLANT, *v.* ALLEN, APPELLEE.

TOLEDO EDISON COMPANY, APPELLANT, *v.* BARBEE, APPELLEE.

(Nos. WMS-83-14 and -15—Decided
November 25, 1983.)

*Mr. Jan H. Stamm,* for appellant.
*Mr. Lee Allen* and *Mr. Lowell O.
Barbee,* appellees, *pro se.*

HANDWORK, J. These companion cases are before the court on appeal from a judgment of the Bryan Municipal Court. Since these cases involve the same facts and raise identical legal issues, they will be treated together for the purposes of this appeal.

The pertinent facts are not in dispute. Appellant, Toledo Edison Company, initiated small claims proceedings against defendants-appellees in Bryan Municipal Court, seeking to collect on their unpaid accounts for electrical services. Appellees failed to appear and defend after having received proper service of summons on the complaints. The trial court thereafter rendered default judgments against each appellee. Judgment was rendered against Allen on November 16, 1982, and against Barbee fourteen days later on November 30th.

On February 14, 1983, appellant filed motions in both cases to have the judgment debtors (appellees) examined. The trial court granted these motions on February 15, 1983. The record indicates that, on February 17, Allen was personally served with a copy of the motion and a notice of a hearing scheduled for March 9. On February 23, Barbee received a copy of the same motion and, also, notice of the March 9 hearing.

Both appellees failed to appear at the March 9 hearing. Appellant then filed motions for a show cause hearing. The trial court granted these motions and scheduled a show cause hearing for April 5, 1983. The record indicates that each appellee received personal service on the show cause motion and notice of the hearing. Each appellee also failed to appear at this hearing.

On April 11, 1983, appellant filed praecipes requesting arrest warrants for appellees because they failed to appear at the previous hearings. The praecipes were filed pursuant to R.C. 2333.11. The trial court scheduled a hearing on the praecipes for April 26, 1983. As with the earlier hearings, each appellee was notified, but did not appear. Because the trial court doubted that it had jurisdiction to proceed with a judgment debtor's examination, it requested that the issue be briefed by appellant's counsel and continued the hearing to June 14, 1983. Again, appellees were notified of the continued hearing, but neither appeared on June 14. At this hearing, the trial court denied appellant's praecipes for the bench warrants. On July 11, 1983, the court filed two judgment entries in which it stated:

"On motion of Plaintiff [appellant] for Debtor's Examination, the Court finds that it is without jurisdiction to proceed by reason of Ohio Revised Code Section 2333.11."

The trial court's orders, in their practical effect, dismissed the actions. In

bringing this consolidated appeal, appellant presents the following "assign-. ments of error" for our review[1]:

"I. Whether a Municipal Court has both subject matter and procedural jurisdiction to enforce its judgments through proceedings in aid of execution?

"II. Whether a Municipal Court has a mandatory duty to enforce its orders for appearance of judgment debtors for examination, by warrant following appropriate motion by a party creditor?"

The statutory procedure involved here is part of the summary process provided by law for enforcing judgments. The particular factual context presented by these cases narrows our review to the issue of a municipal court's jurisdiction (or, more properly, its power) to fashion and enforce orders in aid of execution proceedings.

Generally speaking, a judgment creditor is entitled, at his pleasure, to invoke existing supplemental procedures to satisfy a judgment, wherein his rights against the judgment debtor were declared. See 40 Ohio Jurisprudence 3d (1982) 622, Enforcement and Execution of Judgments, Section 486; *Sam Savin, Inc.* v. *Burdsal* (1939), 61 Ohio App. 539, 541 [15 O.O. 347]. In aid of execution cases, in-court examination of the judgment debtor is the principal means for judicially ascertaining the existence of property which may then be applied toward partially or completely satisfying the judgment. 40 Ohio Jurisprudence 3d, *supra,* at Section 484.

For courts of common pleas,. R.C.

Chapter 2333 sets forth various "proceedings in aid of execution." R.C. 2333.09 *et seq.* specifies the procedure for in-court examination of the judgment debtor and others. In the case *sub judice,* appellant sought to invoke the examination procedure under R.C. 2333.09, 2333.10 and 2333.11. As previously indicated, appellant's motions for judgment debtor examinations were granted and subpoenas were issued to secure appellees' attendance. Their failure to appear at the examination hearing prompted appellant's subsequent motions for a show cause hearing and, later, its praecipes requesting arrest warrants, as provided for in R.C. 2333.11. The trial court, apparently finding that the term "only," as used in R.C. 2333.11, restricted the issuance of bench warrants to common pleas and probate judges exclusively, refused to proceed further with the case, denying the praecipes.

Our analysis of the pertinent statutory sections convinces us that under R.C. Chapter 1901, municipal courts enjoy as broad a set of jurisdictional powers to make and enforce orders in aid of execution proceedings as do courts of common pleas under R.C. Chapter 2333. In fact, and as a general rule, in the absence of special procedure to the contrary in R.C. Chapter 1901, municipal courts, in aid of execution proceedings, have the power to issue all necessary orders for which similar power and authority is conferred upon the courts of common pleas under R.C. Chapter 2333.

R.C. 1901.13 states, in pertinent part:

---

[1] Appellant's "assignments of error," as framed, are in reality not assignments, but statements of particular issues raised in this appeal. While a statement of the issues is, of course, helpful in clarifying both the posture of the case and the disputed point(s) of law, assignments of error are more properly designated as separate, affirmative propositions directed to some action (or inaction) by the trial court (*e.g.,* "The trial court erred in finding that it was without subject-matter jurisdiction to proceed with the case."). See App. R. 16(A)(2) and (A)(3). However, treating appellant's "assignments of error" as raising a single assignment predicated on the trial court's denial of appellant's motions, based upon lack of subject-matter jurisdiction, we will proceed to consider the merits of the question thus raised.

"In any action or proceeding of which a municipal court has jurisdiction, the court or any judge thereof has power:

"(A) To issue process, preserve order, and punish contempts, * * * and to exercise such other powers as are necessary to give effect to the jurisdiction of the court *and to enforce its judgments, orders, or decrees;*

"(B) To issue *any necessary orders in any proceedings* before and *after judgment,* for * * * *arrest, aid of execution,* * * * for which authority is conferred upon the courts of common pleas or a judge thereof, * * *;

"(C) * * *

"(D) To control and distribute all property or the proceeds thereof, levied upon or seized by any legal process issuing from the court, which may come into the hands of its officers and to order immediate sale of any property of a perishable nature which may come into the hands of an officer of the court upon any process issuing from the court. * * *" (Emphasis added.)

R.C. 1901.18 (subject-matter jurisdiction) provides, in pertinent part:

"Subject to * * * [its monetary jurisdiction], a municipal court has regional jurisdiction within its territory:

"* * *

"(B) In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction;

"* * *

"(E) *In any action or proceeding to enforce the collection of its own judgments,* or the judgments rendered by any court within the territory to which such municipal court has succeeded, *and to subject the interest of a judgment debtor in personal property to satisfy judgments enforceable by the municipal court*[.]" (Emphasis added.)

R.C. 1901.19 (jurisdictional powers) states, in relevant part:

"Subject to * * * [its monetary jurisdiction], a municipal court * * * [has] jurisdiction within the limits of the county or counties in which its territory is situated:

"(A) *To compel attendance of witnesses in any pending action or proceeding,* the same as the court of common pleas;

"(B) To issue executions on its own judgments;

"(C) *In any action or proceeding,* whether legal or equitable, *to enforce the collection of its own judgments*;

"* * *

"(E) To issue and enforce any order of attachment;

"(F) *In any action or proceeding* in the nature of creditors' bills, and *in aid of execution to subject the interest of a judgment debtor* in *personal property to the payment of a judgment of the court*[.]" (Emphasis added.)

In addition to the foregoing statutory provisions, R.C. 1901.21 mandates a "gap-filler" rule to be followed in civil cases in which general procedural rules are absent or, at least, in doubt. Cf. *Hoerner* v. *Woods* (1958), 108 Ohio App. 86 [9 O.O.2d 134]. R.C. 1901.21(A), in pertinent part, provides:

"*In any civil case or proceeding if no special provision is made in sections 1901.01 to 1901.37 of the Revised Code, the practice and procedure shall be the same as in courts of common pleas.* If no practice or procedure is provided for in the courts of common pleas, then the practice or procedure of county courts shall apply." (Emphasis added.)

R.C. 1901.13(B) specifically confers upon a municipal court the power to issue orders of *arrest* or in aid of execution "for which authority is conferred upon the courts of common pleas." Cf. *Rose* v. *Associates Discount Corp.* (1959), 169 Ohio St. 321, 323 [8 O.O.2d 319]. Here, the trial court, in its order, seemed to imply that proceedings under R.C. Chapter 2333, such as the issuance of capias to secure the judgment debtor's presence at the examination hearing, are

exclusively the domain of common pleas courts. True, R.C. 2333.11 states that a judicial "[arrest] warrant can only be issued by a judge of the court of common pleas," but this section merely vests in common pleas judges the *same power* already accorded municipal judges under R.C. 1901.13(B) and 1901.19(A), (B), and (F). Moreover, the "gap-filler" provision in R.C. 1901.21(A) assures that in civil cases parties will be afforded a uniform procedure in aid of execution proceedings, as between municipal and common pleas courts, unless a "special provision" to the contrary is mandated in R.C. 1901.01 to 1901.37. In this case, we are unable to discern any "special provision" in R.C. Chapter 1901 that would prevent a municipal court from exercising power or issuing any necessary order, to the same extent as courts of common pleas, in aid of execution of its judgments, for the benefit of judgment creditors, including a judicial arrest warrant to secure the debtor's presence, if necessary. In other words, R.C. 1901.21(A) incorporates by reference the procedure and remedies of R.C. Chapter 2333 in aid of execution proceedings, unless the same procedure and remedy are already provided for in R.C. Chapter 1901 or unless a "special provision" mandates otherwise.

As R.C. 2333.09 clearly imports: "A judgment creditor *shall be entitled* to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment[.]" (Emphasis added.) Judgment creditors have a right to expect that their undoubtedly valid default judgments will be satisfied. They also have a right to expect that the satisfaction of their judgments will be accomplished through the most cost-efficient mechanism provided by the aid of execution statutes. To refuse to implement the plain language of these statutes would effectively divest judgment creditors of legislatively created remedies for enforcing their right to that which default judgments entitle them, and, as a practical matter, it would paralyze their ability to make judgment debtors accountable for that which they lawfully owe.[2]

Accordingly, we hold that the trial court committed error prejudicial to appellant in overruling its motions for examination of the judgment debtors (appellees herein) and, by implication, in denying appellant's praecipes for the issuance of arrest warrants to secure their attendance. Consequently, appellant's "assignments of error" are well-taken.

On consideration whereof, the judgments of the Bryan Municipal Court are hereby reversed. These cases are remanded to said court for further proceedings consistent with this opinion and

---

[2] In *Sam Savin, Inc.* v. *Burdsal* (1939), 61 Ohio App. 539, 541 [15 O.O. 347], the court stated:

"* * * The proceedings here under review are a part of the process provided by the law for the enforcement of judgments. They are in aid of execution and cannot be withheld at will any more than the writ of execution itself. Having obtained the judgment of the court declaring its right, the plaintiff is entitled, at its pleasure, to the processes of the law to make effective the declared right.

"The [in aid of execution] statutes provide the circumstances under which, and the method by which, a stay may be obtained; and, perhaps, a court has power in the absence of a statutory authorization to grant a stay for a limited period, but all the cases hold that some sound reason must exist for withholding from a judgment creditor, even temporarily, the aid of the state in the enforcement of his judgment. * * *

" 'While the power to temporarily stay execution on its judgments resides in every court, it must be conceded that it is a power that ought to be cautiously exercised, and only in those cases where it seems necessary to promote the ends of justice. In other words, it ought not to be arbitrarily used, nor should an execution be withheld merely because it is inconvenient for a judgment debtor to pay his debts.' " (Citations omitted.)

for assessment of costs. Costs assessed against appellees.

*Judgments reversed.*

DOUGLAS and RESNICK, JJ., concur.