JOURNAL ENTRY AND OPINION
Appellant, a taxi cab driver, filed an action in the Cleveland Municipal Court seeking a judgment in the amount of $19.20 arising after his passenger failed to compensate him for the fare he incurred. Appellee failed to file an answer, and the lower court thereafter set the matter for a default hearing. The court granted default judgment to appellant in the amount of $19.20 plus costs.
Appellant thereafter attempted to execute on the judgment, apparently seeking a levy on appellee's home and other personal property; however, the Department of the Bailiff notified the court as follows:
 DEFENDANT HAS BEEN IN PRISON SINCE NOV. 1995. THIS RESIDENCE IS HOME OF DEFENDANT'S MOTHER. HE OWNS NO PERSONAL PROPERTY.
Appellant subsequently filed a motion to show cause, requesting that the court issue a summons "for the personal appearance of defendant Marc A. Bickerstaff [appellee] to be examined by the court." The court denied appellant's motion, noting that appellant failed to establish that appellee had violated a court order since the deputy bailiff had advised the court that appellee was in prison and that the residence that was the subject of the levy was not owned by appellee.
Appellant filed his appeal of the lower court's order.
Appellant's first assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY ERRONEOUSLY REJECTING THE AFFIDAVIT OF APPELLANT.
Appellant contends the trial court abused its discretion when it denied his motion to show cause.
This court notes that there is no indication in the record that the trial court "rejected" appellant's affidavit. Appellant attached an affidavit to his motion to show cause, essentially stating that appellee failed to pay the default judgment entered against him. There is no evidence that the trial court disregarded appellant's affidavit, and a reviewing court presumes regularity from a silent record. See, e.g., State v. Johnson
(1995), 107 Ohio App.3d 723, 728.
Appellant's first assignment of error is overruled.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DISMISSING THE PLAINTIFF'S MOTION TO SHOW CAUSE.
Appellant next argues that the lower court erred when it dismissed his motion to show cause.
This court has recognized that the law does not require that we give any more deference to a pro se pleading than one filed by counsel. Krause v. Case Western Reserve University (Dec. 19, 1996), Cuyahoga App. No. 70712, unreported, citing Meyers v.First National Bank (1981), 3 Ohio App.3d 209, 210; Mackey v.Steve Barry Ford, Inc. (May 30, 1991), Cuyahoga App. No. 58681, unreported, at 7. Nevertheless, as in Krause, this court will carefully review appellant's motion.
The lower court apparently interpreted appellant's motion to show cause as a motion seeking to hold appellee in contempt of court for failing to obey a court order. R.C. 2705.02 provides, in pertinent part:
 A person guilty of any of the following acts may be punished as for a contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer [.]
 * * *
Since the record indicates appellee has not violated any order issued by the lower court, the court correctly denied appellant's motion.
Furthermore, appellant's contention that a hearing was first required is also meritless. While R.C. 2705.03 requires that the court conduct a hearing in cases under R.C. 2705.02, the purpose of such a hearing is to provide the accused with the opportunity to explain his actions. See, e.g., In re Purola (1991), 73 Ohio App.3d 306,312. Since the court found there was no contempt, there was no need for the accused to defend himself.
Appellant's motion to show cause requests that the lower court order appellee to appear "to be examined by the court." Thus, the motion may also be interpreted as one seeking a debtor's examination pursuant to R.C. 2333.09. R.C. 2333.09 provides:
 A judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part. Such order shall be issued by a probate judge or a judge of the court of common pleas in the county in which the judgment was rendered or in which the debtor resides, requiring such debtor to appear and answer concerning his property before such judge, or a referee appointed by him, at a time and place within the county to be specified in the order.[1]
However, R.C. 2333.10 provides:
 On proof by the affidavit of the judgment creditor, or otherwise, to the satisfaction of a judge of the court of common pleas, or a probate judge, of the county in which the debtor is found, that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such judge, by order, may require the debtor to appear at a time and place in such county to answer concerning it. Such proceedings thereupon may be had for the application of the property of the debtor toward the satisfaction of the judgment, as are prescribed by sections 2333.09 to 2333.27, inclusive, of the Revised Code.
Appellant has submitted no evidence to indicate appellee has any property that may be used to satisfy the judgment against him; therefore, the trial court was not required to order the debtor to appear.
The trial court did not abuse its discretion when it denied appellant's motion to show cause. Appellant's second assignment of error is overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and LEO M. SPELLACY, J., CONCUR.
[1] It has been held that in the absence of a special procedure to the contrary, municipal courts have the power to issue all necessary orders for which similar power and authority is conferred upon courts of common pleas. R.C. 1901.01 et seq.Toledo Edison Co. v. Allen (1983), 13 Ohio App.3d 108.