[Cite as *Tillimon v. Clifton*, 2019-Ohio-4198.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane J. Tillimon                                      Court of Appeals No. L-19-1029

     Appellant                                      Trial Court No. CVG-03-19999

v.

Don Clifton, et al.                                   **DECISION AND JUDGMENT**

     Appellee                                      Decided:  October 11, 2019

* * * * *

Duane J. Tillimon, pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} Plaintiff-appellant, Duane J. Tillimon, appeals the January 24, 2019 judgment of the Toledo Municipal Court, Housing Division, denying his motion to hold defendant-appellee, Don Clifton, in contempt of court for failing to appear to answer interrogatories and for failing to appear for oral examination.[1]  For the reasons that follow, we reverse.

---

[1] Tillimon and the trial court characterize this judgment entry as a denial of Tillimon's "motion to show cause."  Tillimon's motion was actually termed a "motion for finding of

## I. Background

{¶ 2} This matter has a long history. It began on October 27, 2003, when Tillimon filed a landlord complaint against his tenants, Don Clifton and Christine Lipper. Clifton and Lipper ("the tenants") answered and counterclaimed. In an order journalized on December 8, 2003, the trial court entered judgment in favor of Tillimon for possession of the premises at issue. Tillimon was ultimately awarded a money judgment against Clifton and Lipper for $20,142.69 in an order journalized on May 19, 2005. During the course of the litigation, Tillimon was also granted sanctions against the tenants and their former attorney for violating an order compelling discovery.

{¶ 3} Tillimon's judgments have not yet been satisfied and have ballooned due to interest, fees, and costs incurred in the more than 14 years since the judgments were awarded. Efforts to collect the judgments have been in fits and starts as bankruptcy petitions, a rash of tangential disputes, several appeals to this court, and Tillimon's inability to locate the tenants caused delays along the way. Upon discovering Clifton's whereabouts, Tillimon made renewed efforts to collect against him beginning in 2017. This appeal arises from those recent efforts, which are briefly summarized in the timeline below:

contempt and arrest warrant pursuant to R.C. 2705.02, R.C. 2705.06 and R.C. 2333.05 & R.C. 2333.11 (Instanter)." The trial court denied the motion, but set the matter for a hearing for Clifton to show cause "why he shall not be held in contempt of court for failing to appear to answer interrogatories and for failing to appear for an oral examination." We refer to Tillimon's motion as a motion for finding of contempt.

2.

- March 18, 2017: Tillimon filed an application for proceedings in aid of execution, seeking an order requiring Clifton to appear for a debtor exam, answer written questions, and produce documents.

- March 22, 2017: The court granted Tillimon leave to proceed in aid of execution. Clifton was ordered to appear for a debtor's exam on April 19, 2017.

- April 6, 2017: Clifton sought a continuance because (1) he intended to hire an attorney; and (2) he was going to be working at Jeep seven days a week, ten hours a day. He asked that the matter be rescheduled for July of 2017.

- April 19, 2017: The court granted a continuance to May 31, 2017.

- May 31, 2017: Clifton appeared without an attorney, but refused to answer questions or produce documents. The trial court granted a continuance until June 28, 2017.

- June 28, 2017: Clifton failed to appear. Tillimon moved the court to order Clifton to show cause why he should not be held in contempt and asked that if Clifton again fails to appear, that he be arrested and held in custody until he produces documents and answers questions "to [Tillimon's] satisfaction."

- July 31, 2017: The court denied Tillimon's motion to show cause.

- December 1, 2017: The court, on its own motion, ordered Clifton to appear for examination on January 10, 2018.

3.

- January 10, 2018: Without explanation, the docket entry states that "proceeding in aid is hereby dismissed."

- April 24, 2018: The court ordered Clifton to appear on June 13, 2018. The order provided that Clifton was "subject to a finding of **CONTEMPT** and **ORDER OF ARREST** should [he] fail to Answer the Interrogatories and Produce the Documents requested in the **DEBTOR DISCLOSURE FORM (Exhibit #1)** within (7) days of the delivery of this Order, or fail to appear at the time and place specified * * *."

- June 13, 2018: Clifton did not appear. Tillimon moved for a "finding of contempt and arrest warrant pursuant to R.C. 2705.02, R.C. 2705.06, and R.C. 2333.05 & R.C. 2333.11 (Instanter)."

- July 5, 2018: The trial court denied Tillimon's motion, but set the matter for a hearing at which Clifton was to show cause "why he shall not be held in contempt of court for failing to appear to answer interrogatories and for failing to appear for an oral examination." The hearing was scheduled for July 31, 2018.

- July 30, 2018: Clifton filed a motion for continuance with the court, indicating that he would "not make it to the court date tomorrow the 31st" because he would be "off to Cleveland Clinic" due to "dysphagia and aspirate [sic] food and water into [his] lungs." He informed the court that he would be "in and out till the end of Sept, mid Oct, [so] please make it for a couple months." Clifton attached two documents to his motion: (1) a report from his attending physician estimating a

4.

period of disability extending to September of 2018; and (2) a claim form containing a diagnosis of "dysphagia, aspiration, superficial thrombophlebitis[, and] anxiety disorder" and listing dates of service for EGDs and "HA" on December 6, 2017, April 2, 2018, April 5, 2018, and May 7, 2018. Tillimon opposed Clifton's motion for continuance.

- August 27, 2018: The magistrate recommended that Clifton's motion be denied as untimely, that Clifton be held in contempt, and that a warrant be issued; however, because Clifton filed documentation indicating that he suffered from ailments that may persist until September 31 [sic], 2018, the court rejected the magistrate's recommendation and instead scheduled the matter for a show cause hearing on October 18, 2018.

- November 6, 2018: The show cause hearing was postponed until December 13, 2018, for reasons not reflected in the docket.

- December 13, 2018: Clifton did not appear for the show cause hearing. Nevertheless, the trial court denied Tillimon's motion. It held that (1) the Ohio Constitution, Article I, Section 15, provides that "no person shall be imprisoned for debt in any civil action," therefore, "a contempt proceeding is not a proper method by which to collect a *civil judgment*"; (2) "the law provides other methods for collecting civil judgments"; and (3) Clifton provided medical documentation indicating that he was unable to appear for a hearing because he was undergoing treatment.

5.

**{¶ 4}** Tillimon appealed and assigns the following errors for our review:

ASSIGNMENT OF ERROR #1

THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AND ABUSED ITS DISCRETION, WHEN IT DECLARED R.C. 2333.11 ORDER OF ARREST MAY ISSUE AND R.C. 2705.06 IMPRISONMENT UNTIL ORDER OBEYED TO BE UNCONSTITUTIONAL BECAUSE THE STATUTES VIOLATE OHIO CONSTITUTION ARTICLE 1.15 NO IMPRISONMENT FOR DEBT[.]

ASSIGNMENT OF ERROR #2

THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AND ABUSED ITS DISCRETION, WHEN IT DENIED THE APPELLANT HIS RIGHT TO CONDUCT A DEBTOR'S EXAMINATION UPON THE APPELLEE PURSUANT TO OHIO REVISED CODE 2333.04 EXAMINATION OF GARNISHEE[.]

ASSIGNMENT OF ERROR #3

THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AND ABUSED ITS DISCRETION, SINCE THE TRIAL COURT'S CONCLUSION THAT THE APPELLEE WAS UNDERGOING MEDICAL TREATMENT AND UNABLE TO APPEAR FOR THE SHOW CAUSE HEARING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

## II. Law and Analysis

{¶ 5} In his first assignment of error, Tillimon contends that the trial court abused its discretion when it declared R.C. 2333.11 and 2705.06 unconstitutional. In his second assignment of error, Tillimon argues that the trial court abused its discretion in denying his right to conduct a debtor's examination. And in his third assignment of error, Tillimon argues that the trial court abused its discretion in denying his "motion for finding of contempt and arrest warrant" because its judgment was against the manifest weight of the evidence. Clifton did not file an appellee's brief.

{¶ 6} We address Tillimon's assignments of error out of order.

### A. The court did not declare R.C. 2333.11 and 2705.06 unconstitutional.

{¶ 7} In its judgment denying Tillimon's motion, the trial court held that "the law is clear that a contempt proceeding is not a proper method by which to collect a *civil judgment.*" (Emphasis in original.) It went on to say that "[t]he Ohio Constitution, art. I, § 15, states, 'no person shall be imprisoned for debt in any civil action.'"

{¶ 8} In his first assignment of error, Tillimon argues that the trial court erred in declaring R.C. 2333.11 and 2705.06 unconstitutional. Indeed, it would be inappropriate to pass on the constitutionality of these statutes, given that no party challenged their constitutionality. *See First Merchants Bank v. Gower*, 2d Dist. Darke No. 2011-CA-11, 2012-Ohio-833, ¶ 17-18 (recognizing that "constitutional issues should not be decided unless absolutely necessary," and "courts should not raise constitutional

7.

issues sua sponte"). But nowhere in the judgment does the trial court purport to declare these two statutes unconstitutional.

{¶ 9} Accordingly, because we disagree with Tillimon that the trial court purported to declare these statutes unconstitutional, we find his first assignment of error not well-taken.

**B. The trial court abused its discretion in denying Tillimon's contempt motion.**

{¶ 10} In his third assignment of error, Tillimon argues that the trial court abused its discretion in finding that Clifton was unable to appear at the show cause hearing because he was undergoing medical treatment. He maintains that this finding was against the manifest weight of the evidence. The essence of Tillimon's third assignment of error is that the trial court abused its discretion in denying his motion for a finding of contempt and arrest warrant.

{¶ 11} Whether to hold a party in contempt is within a trial court's discretion. *Tilimon v. Taylor,* 6th Dist. Wood No. 92WD066, 1993 WL 283337, *2 (July 30, 1993). We review a trial court's decision denying a motion for contempt under an abuse-of-discretion standard. *Davis v. Davis*, 2012-Ohio-2088, 970 N.E.2d 1151, ¶ 40 (6th Dist.); *Baum v. Perry-Baum*, 6th Dist. Wood No. WD-18-085, 2019-Ohio-3923, ¶ 35. "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound." *State v. Nisley*, 3d Dist. Hancock No. 5-13-23, 2014-Ohio-981, ¶ 15, *State v. Boles,* 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.).

8.

**{¶ 12}** Here, the trial court gave three reasons for denying Tillimon's motion: (1) the Ohio Constitution, Article I, Section 15, provides that "no person shall be imprisoned for debt in any civil action," therefore, "a contempt proceeding is not a proper method by which to collect a *civil judgment*"; (2) "the law provides other methods for collecting civil judgments"; and (3) Clifton provided medical documentation indicating that he was unable to appear for a hearing because he was undergoing treatment.

**{¶ 13}** The trial court's first reason for denying Tillimon's motion—that "the law is clear that a contempt proceeding is not a proper method by which to collect a *civil judgment*," with citation to Ohio Constitution, Article I, Section 15—appears to be premised on its misunderstanding of Tillimon's request. Tillimon did not request that Clifton be arrested and held until he pays the judgment; Tillimon asked the court to make a finding of contempt, arrest Clifton, and compel his attendance at a debtor's examination so that Tillimon can discover what property Clifton may possess that may be used to satisfy the debt.

**{¶ 14}** R.C. Chapter 2333 governs proceedings in aid of execution. It permits a judgment creditor to examine a judgment debtor "concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part." R.C. 2333.09. The court is responsible for issuing an order for examination requiring the debtor to "appear and answer concerning his property." *Id. See also* R.C. 2333.17 ("In a proceeding under sections 2333.09 to 2333.27, inclusive, of the Revised Code, a party or witness may be compelled, by an order of the judge, or by a

9.

subpoena, to attend, before a judge or referee, to testify."); R.C. 1901.19 (making clear that a housing division of a municipal court has jurisdiction to issue such orders); *Toledo Edison Co. v. Allen*, 13 Ohio App.3d 108, 110-13, 468 N.E.2d 373 (6th Dist.1983).

{¶ 15} Under R.C. 2333.19, "[i]f a person, party, or witness disobeys an order of the judge, court, or referee, issued and served pursuant to sections 2333.09 to 2333.27, inclusive, of the Revised Code, such person may be punished as for contempt * * *." "Contempt of court" is "the disregard for, or the disobedience of, an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." (Internal citations and quotations omitted.) *Ameritech Publishing, Inc. v. Mayo Bail Bonds & Sur., Inc.*, 6th Dist. Erie No. E-12-012, 2013-Ohio-831, ¶ 15. A trial court has both inherent and statutory authority to enforce its orders through a finding of contempt. *Id.*

{¶ 16} Contempt may be classified as either criminal or civil. The distinction centers on the purpose and character of the punishment imposed. "The purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Id.* at ¶ 16, quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 58, 271 N.E.2d 815 (1971). Punishment for civil contempt is remedial or coercive and for the benefit of the complainant, and the sentence is conditional, "such that the contemnor will be freed from it if she complies with the order." *Id.* Criminal contempt, on the other hand, must be proven beyond a reasonable doubt and is usually characterized by an unconditional prison sentence. *Id.*

10.

**{¶ 17}** Contempt may also be classified as direct or indirect. *Id.* at ¶ 18. Direct contempt is defined by R.C. 2705.01, which states: "A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." Indirect contempt, on the other hand, is addressed in R.C. 2705.02, and may occur outside the presence of the court. *Ameritech Publishing, Inc.* at ¶ 18. Before imposing a punishment for indirect contempt, the contemnor must be afforded certain procedural safeguards. *Id.* at ¶ 19.

**{¶ 18}** It is clear under Ohio law, therefore, that a judgment creditor may examine a judgment debtor in aid of execution of a civil judgment, that the municipal court may compel the judgment debtor to appear for examination, that a judgment debtor's failure to appear as commanded may result in a contempt finding, that a court may punish a person whose conduct constitutes contempt, and that under R.C. 2705.06, punishment may include imprisonment. R.C. 2705.06 ("When the contempt consists of the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it."). Accordingly, the court's conclusion that "a contempt proceeding is not a proper method by which to collect a *civil judgment*" because the Ohio Constitution prohibits imprisoning a person for debt in any civil action, is contrary to law, unreasonable, not supported by the evidence, and grossly unsound.

**{¶ 19}** The court's second reason for denying Tillimon's motion—that "the law provides other methods for collecting civil judgments"—is also contrary to law, unreasonable, not supported by the evidence, and grossly unsound. R.C. 2333.09 permits

11.

a judgment creditor to examine a judgment debtor "concerning his property, income, or other means of satisfying the judgment." In fact, "[i]n aid of execution cases, in-court examination of the judgment debtor is the principal means for judicially ascertaining the existence of property which may then be applied toward partially or completely satisfying the judgment." *Toledo Edison Co.,* 13 Ohio App.3d at 110, 468 N.E.2d 373. Until Tillimon is allowed an opportunity to discover the nature and existence of Clifton's property, income, or other means of satisfying the judgment, he is left without a remedy. Accordingly, the court's second reason in support of its judgment—that Tillimon has means available to him other than a debtor's examination—was not a proper basis to deny Tillimon's motion.

{¶ 20} Finally, the court's third reason for denying Tillimon's motion—that Clifton provided medical documentation indicating that he was unable to appear for a hearing because he was undergoing treatment—is not supported by the evidence. The only medical documentation provided by Clifton was a report submitted on July 30, 2018, from his attending physician estimating a period of disability extending to September of 2018, and a claim form containing a diagnosis of "dysphagia, aspiration, superficial thromobophlebitis[, and] anxiety disorder" and listing treatment dates of December 6, 2017, April 2, 2018, April 5, 2018, and May 7, 2018. No documentation was offered by Clifton suggesting that he had medical appointments on June 28, 2017, June 13, 2018, or December 13, 2018. Moreover, while these conditions may have

12.

rendered Clifton unable to work, it is not clear that they rendered him unable to appear in court.

**{¶ 21}** The court acknowledged at the December 13, 2018 hearing that it had received no information demonstrating that Clifton was unable to appear for the hearing. ("[W]e have not received any [medical documentation] as it relates to this date."). Nevertheless, the court concluded that "[g]iven the amount of medical documentation and the problems he was having, my guess is he – if he is still alive, he's even in worse shape than what he was before." There is simply nothing in the record to support this conclusion, and, in fact, the "medical documentation" is actually very sparse and not particularly informative. The trial court's judgment is not supported by the evidence.

**{¶ 22}** As we recognized in *Toledo Edison Co.*, judgment creditors "have a right to expect that the satisfaction of their judgments will be accomplished through the most cost-efficient mechanism provided by the aid of execution statutes." *Id.* at 112. Courts' refusal to implement the plain language of these statutes would, as a practical matter, "paralyze their ability to make judgment debtors accountable for that which they lawfully owe." *Id.* Here, the trial court's unwillingness to compel Clifton's attendance and impose consequences for his failure to appear has effectively left Tillimon without a means of collecting on his judgment.

**{¶ 23}** Accordingly, we conclude that the trial court abused its discretion when it denied Tillimon's motion to find Clifton in contempt for failing to appear for both debtor's examinations and show cause hearings. We remand this matter to the trial court

13.

so that it can take action to secure Clifton's attendance at a debtor's examination and determine appropriate consequences for Clifton's contempt of court. To that end, an arrest warrant may be issued as appropriate under R.C. 2705.06 and 2333.11. *See Toledo Edison Co.* at 111-113 ("[W]e hold that the trial court committed error prejudicial to appellant in overruling its motions for examination of the judgment debtors (appellees herein) and, by implication, in denying appellant's praecipes for the issuance of arrest warrants to secure their attendance.").

{¶ 24} We find Tillimon's third assignment of error well-taken.

### C. The trial court abused its discretion in denying Tillimon's right to conduct a debtor's examination.

{¶ 25} In his second assignment of error, Tillimon argues that the trial court abused its discretion in denying his right to conduct a debtor's examination.[2] It does appear from the trial court judgment that the court has expressed an unwillingness to enforce Tillimon's right to conduct a debtor's exam, instead suggesting that Tillimon resort to other means of collecting his judgment. To the extent that R.C. 2333.09 permits a judgment creditor to examine a judgment debtor "concerning his property, income, or other means of satisfying the judgment," and R.C. 2333.17 charges the court to compel the judgment debtor's attendance, we find that the trial court abused its discretion in denying Tillimon's right to conduct a debtor's examination.

---

[2] Tillimon's assignment of error cites R.C. 2333.04—examination of garnishee—but his argument cites R.C. 2333.09—order of examination of a judgment debtor. We address his assignment of error under R.C. 2333.09.

14.

**{¶ 26}** Accordingly, we find Tillimon's second assignment of error well-taken.

### III. Conclusion

**{¶ 27}** We conclude that the trial court did not declare unconstitutional the statutes identified by Tillimon. We, therefore, find Tillimon's first assignment of error not well-taken. We conclude that the trial court abused its discretion in denying Tillimon his right to conduct a debtor's examination of Clifton. We, therefore, find Tillimon's second assignment of error well-taken. Finally, we conclude that the trial court's judgment denying Tillimon's motion to find Clifton in contempt for failing to appear for debtor's examinations and show cause hearings was contrary to law, unreasonable, not supported by the evidence, and grossly unsound. We, therefore, find Tillimon's third assignment of error well-taken.

**{¶ 28}** We reverse the January 24, 2019 judgment of the Toledo Municipal Court, Housing Division, and we remand this matter to the trial court so that it can take action to secure Clifton's attendance at a debtor's examination and determine appropriate consequences for Clifton's contempt of court. The costs of this appeal are assessed to Clifton under App.R. 24.

Judgment reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                    _____
                                                          JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.                    _____
CONCUR.                                               JUDGE

                                     _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.